J-S02040-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY JAY ADAMS, | : | |
| | : | |
| Appellant | : | No. 38 MDA 2019 |

Appeal from the PCRA Order Entered December 14, 2018
in the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000984-2013

BEFORE: BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED MARCH 18, 2020

Timothy Jay Adams ("Adams") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On March 3, 2014, Adams pled guilty to unlawful contact with a minor, obstructing administration of law or other government function, and the failure to verify address.[2, 3] That same day, the trial court sentenced Adams to an aggregate prison term of 63 to 132 months. Adams filed no direct appeal of his judgment of sentence.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] See 18 Pa.C.S.A. §§ 6318, 5101, 4915.1.

[3] According to Adams, the counts of obstruction and failure to verify were based upon an underlying West Virginia conviction, which occurred in 1998.

On August 17, 2017, Adams filed a pro se first PCRA Petition. The PCRA court appointed counsel, who filed an Amended PCRA Petition. The PCRA court conducted a hearing on Adams's Amended PCRA Petition and, on December 14, 2018, the PCRA court denied Adams's PCRA Petition as untimely filed. Adams timely filed a Notice of Appeal, and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.[4]

Adams raises the following claim for our review:

> Did the trial court commit reversible error by denying [Adams] PCRA relief[,] in the form of vacating [his] convictions[,] when [his] sentence was an illegal sentence as a result of ex post facto/retroactive/illegal application of SORNA[5] to [Adams's] sex offenses conviction out of West Virginia, thereby making [Adams's] sex offender reporting obligations more onerous, when such ex post facto/retroactive/illegal application of SORNA to [his] West Virginia conviction occurred after [Adams] had already satisfied his ten[-]year sex offender registration and reporting requirements[,] and when SORNA has been struck down as being unconstitutional by the Pennsylvania Supreme Court following [Adams's] convictions in the instant matter?

_____

[4] Our review discloses that on February 27, 2019, while his first PCRA appeal was pending, Adams filed a second PCRA Petition. On March 3, 2019, the PCRA court issued Notice of its intention to dismiss Adams's second PCRA Petition without a hearing. It is not clear from the record whether the second PCRA Petition was dismissed. However, the existence of a second, pending PCRA Petition does not affect our jurisdiction over the present appeal. See Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000) (holding that where a PCRA appeal is pending, a subsequent PCRA petition cannot be filed until resolution of review of the pending PCRA petition by highest state court in which review is sought, or at expiration of the time for seeking such review).

[5] SORNA is the commonly-used acronym for the "Sex Offender Registration and Notification Act," 42 Pa.C.S.A §§ 9799.10-9799.41.

Brief for Appellant at 3-4 (footnote added, some emphasis and capitalization omitted).

Adams claims that the PCRA court improperly denied his PCRA Petition, because he was subjected to an illegal sentence pursuant to the Pennsylvania Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017). Brief for Appellant at 18. Adams asserts that pursuant to Muniz, he "was never constitutionally subject to registration under SORNA, and thus, could not be prosecuted for failure to comply with [the] registration under [s]ection 4915.1 ...." Brief for Appellant at 9. Adams additionally asserts that he was not convicted of a crime subject to registration [requirements] under that section. Id. at 10. Further, Adams contends that his conviction cannot be sustained under any prior version of SORNA. Id. Adams cites Commonwealth v. Rivera-Figuero, 174 A.3d 674 (Pa. Super. 2017), and other similar cases holding that Muniz created a substantive rule that retroactively applies in the collateral context. Brief for Appellant at 13, 15.

As our Supreme Court has explained,

> [u]pon reviewing an order in a PCRA matter, we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this court applies a de novo standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

Commonwealth v. Montalvo, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." Commonwealth v. Taylor, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). The three exceptions to the timeliness requirement are for newly discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In Muniz, our Supreme Court held that the retroactive application of SORNA to offenders who committed their crimes before SORNA's effective date violates the ex post facto clauses of the United States and Pennsylvania constitutions. Muniz, 164 A.3d at 1218. In Rivera-Figueroa, this Court recognized that "the recent holding in Muniz created a substantive rule that retroactively applies in the collateral context, because SORNA punishes a class of defendants due to their status as sex offenders and creates a significant risk of punishment that the law cannot impose." Rivera-Figueroa, 174 A.3d

at 678. However, Rivera-Figueroa did not involve the "retroactive right" exception to the PCRA's timeliness requirement. As this Court has explained,

> reliance on Muniz cannot satisfy the "new retroactive right" of section 9545(b)(1)(iii).... Here, we acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." [] Rivera-Figueroa, ... 174 A.3d [at] 678.... However, because [the a]ppellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy section 9545(b)(1)(iii). See [Commonwealth v.] Abdul-Salaam, [812 A.2d 497, 501 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court, the a]ppellant cannot rely on Muniz to meet that timeliness exception.

Commonwealth v. Greco, 203 A.3d 1120, 1124 (Pa. Super. 2019) (quoting Commonwealth v. Murphy, 180 A.3d 402, 405-06 (Pa. Super. 2018)).

In the instant case, Adams's PCRA Petition was untimely filed, and he has not established an exception to the timeliness requirement. See Commonwealth v. Knecht, 219 A.3d 689, 692 (Pa. Super. 2019) (reiterating that Muniz does not establish an exception to the PCRA's timeliness requirement). Consequently, the PCRA court lacked jurisdiction to consider the merits of Adams's PCRA Petition. For this reason, we affirm its Order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2020