J-S06023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES SAVAGE | : | |
| | : | |
| Appellant | : | No. 1781 EDA 2019 |

Appeal from the PCRA Order Entered May 24, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0005652-2005

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JUNE 22, 2020**

James Savage appeals the denial of his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Defense counsel has filed a **Turner/Finley**[1] letter as well as a motion to withdraw. We affirm the denial of the PCRA petition and grant counsel's motion to withdraw.

In 2006, Savage pled guilty to "First-Degree Murder, Robbery, Conspiracy, and related offenses in connection with the killing of Christian Rojas[.]" PCRA Ct. Op., filed 7/25/19, at 1. The trial court sentenced Savage to life imprisonment on June 19, 2006. Savage did not file a post sentence motion or a direct appeal with this Court.

Savage filed his first counseled PCRA petition in 2007, which he withdrew, stating in open court that "he was guilty of the offense for which he

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

was convicted, that he understood the guilty plea proceedings, and that he did not believe and was not claiming that his plea counsel was ineffective." PCRA Ct. Op. at 6 (citing N.T., 6/27/07, at 5-9).

Savage filed the instant petition in April 2011 and the court appointed counsel. Following a hearing in August 2011, the court gave counsel time to obtain Savage's medical records from the Department of Corrections, which he was able to obtain in 2014. Upon reviewing these records, counsel filed a **Turner/Finley** letter, and Savage, acting *pro se*, filed an amended PCRA petition. Counsel then filed a second **Turner/Finley** letter. Counsel also sought a competency evaluation, which the PCRA court granted.

Due to Savage's physical health, PCRA proceedings stalled and did not resume until 2019. At a PCRA hearing in May 2019, PCRA counsel stated on the record that he believed Savage was now competent to participate in PCRA proceedings. **See** PCRA. Ct. Op. at 8 (citing N.T., 5/23/19, at 5). The PCRA court denied Savage's PCRA petition on May 28, 2019, based on counsel's representation that Savage was competent and concluding that the petition was untimely. The court did not rule on counsel's motion to withdraw. This timely appeal followed. Counsel filed a **Turner/Finley** brief and Savage responded.

Before we may address counsel's motion to withdraw, we must first determine if counsel has satisfied the procedural requirements of **Turner/Finley**. "A **Turner/Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes

to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless." **Commonwealth v. Knecht**, 219 A.3d 689, -691 (Pa.Super. 2019). "Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel." **Id.** If counsel has satisfied these requirements, we then conduct an independent review of the petitioner's issues. **See id.**

Here, counsel has satisfied the procedural requirements of **Turner/Finley**. The **Turner/Finley** brief details the nature and extent of counsel's review of Savage's case. The brief also lists the issues that Savage wishes to present and explains counsel's reasoning for concluding that Savage's issues are meritless. The certified record also contains a letter from counsel addressed to Savage containing counsel's motion to withdraw and counsel's letter concluding that Savage's issues were meritless. The letter also indicated that Savage had the right to retain private counsel or to proceed *pro se*. We now conduct our own independent review of Savage's issues.

In his amended PCRA petition, Savage alleged "that he was not competent at the time of his guilty plea, nor at the time he withdrew his first PCRA petition." **Turner/Finley** Br. at 2. He also alleged "that he could not have been guilty of first-degree murder because various incapacities made it impossible to form the intent necessary for first degree murder." **Id.**

We review the denial of PCRA relief by "examining whether the PCRA court's determination is supported by the evidence of record and whether it is

free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3).

Beyond the one year time-bar, a petitioner must plead and prove at least one of the time-bar exceptions. These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** at § 9545(b)(1)(i)-(iii). A petitioner must raise the claim within 60 days that the claim could have been raised. ***Id.*** at § 9545(b)(2).[2] "The PCRA's time

---

[2] Section 9545(b)(2) was amended to reflect that a petitioner has one year rather than the prior deadline of 60 days to raise their claim. This amendment became effective on December 24, 2018 but only applies to claims arising on December 24, 2017 or after. Thus, the amendment does not apply here.

limitations implicate our jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim." ***Commonwealth v. Greco***, 203 A.3d 1120, 1124 (Pa.Super. 2019).

Here, Savage's judgment of sentence became final on July 19, 2006. Savage had until July 19, 2007 to file a timely PCRA petition. Thus, his petition filed four years later is patently untimely and Savage was required to plead and prove at least one of the time-bar exceptions. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In the PCRA court, Savage alleged "that he was not competent at the time of his guilty plea, nor at the time he withdrew his first PCRA petition. He also maintained that he could not have been guilty of first-degree murder because various incapacities made it impossible to form the intent necessary for first degree murder." ***Turner/Finley*** Br. at 2. In response to counsel's ***Turner/Finley*** letter on appeal, Savage alleges that counsel

> should have relied on the correct legal standard in determining his . . . mental competence, which would require expert opinion . . . to determine his client's competency . . . at the moment when he waived his first timely filed Petition seeking remedies available under the Post-Conviction Collateral Act based upon his court-appointed counsel's advice to withdraw his petition.

[Savage's] Response to ***Turner*** Letter Br., filed 12/9/19 at 9 (citing ***Commonwealth v. Haag***, 809 A.2d 271[,284] (Pa. 2002) (holding "that permitting an incompetent prisoner, who is represented by a next friend and counsel, to pursue PCRA relief comports with the fundamental fairness of the

Due Process Clause")). Savage also claims the "new facts" exception, citing our Supreme Court's decision in **Commonwealth v. Cruz**, 852 A.2d 287 (Pa. 2004).

In **Cruz**, the Pennsylvania Supreme Court stated that mental incompetence at relevant times may enable a petitioner to establish the "new facts" exception. Cruz suffered from a gunshot wound to the head that resulted in him losing part of his brain. **Id.** According to his counsel, Cruz could not "express emotions and really discuss the facts of this case in any sort of sensible way" and "that's the reason that we have offered or requested to plead no contest." **Id.** at 288. Cruz argued that his "alleg[ed] mental incapacity rendered the facts upon which his substantive PCRA claims would be based unknowable to him until the point at which he became competent, and thus qualifies him for review under the PCRA's after-discovered evidence exception to the PCRA time-bar." **Id.** at 292-93. The PCRA court dismissed the petition as time-barred, without an evidentiary hearing. The Supreme Court held that "mental incompetence at the relevant times, if proven, **may** satisfy the requirements of Section 9545(b)(1)(ii) [of the PCRA], in which case, the claims defaulted by operation of that incompetence may be entertained." 852 A.2d at 288 (emphasis in original). The Court thus remanded for Cruz to have an opportunity to prove that he was incompetent at the relevant times and that his alleged incompetence qualifies under the "new facts" exception.

Here, though Savage states that he suffers from schizophrenia and bi-polar disorder, he does not explain how having these diagnoses prevented him from filing a timely PCRA petition. "[M]ental illness or psychological condition, **absent more**, will not serve as an exception to the PCRA's jurisdictional time requirements." *Commonwealth v. Monaco*, 996 A.2d 1076, 1081 (Pa.Super. 2010) (emphasis added). As the PCRA court concluded our decision in *Cruz* offers Savage no relief.

> The unique facts of *Cruz* are distinguishable from [Savage's] case. Unlike the petitioner in *Cruz*, who could not "discuss the facts of [his] case in any sort of sensible way," [Savage] coherently testified regarding his involvement in Christian Rojas' killing at his guilty plea hearing. N.T. 6/16/06, pp. 134-181. Also, unlike the petitioner in *Cruz*, who was at no point deemed competent to stand trial, [Savage] was determined to be competent by two experts prior to his guilty plea and sentencing.

PCRA Ct. Op. at 14.

Savage has not alleged anything more than that he suffered from mental health disorders. He has not explained how having these disorders prevented him from raising his claims in a timely PCRA. Thus, Savage has failed to satisfy any time bar exception and we therefore affirm the denial of his PCRA petition and grant counsel's motion to withdraw. *See Greco*, 203 A.3d at 1124.

Order affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/20