J-S28007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN THEODORE CLAIBORNE | : | |
| | : | |
| Appellant | : | No. 113 MDA 2020 |

Appeal from the PCRA Order Entered November 12, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003742-2016

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                **FILED AUGUST 07, 2020**

Allen Theodore Claiborne appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  Also before us is Kristopher G. Accardi, Esquire's petition to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  We grant counsel's petition and affirm.

Succinctly, the facts underlying Appellant's conviction are as follows. Teonna Neely, Shane Bennett, and Appellant participated in a robbery conspiracy.  The scheme was to post online advertisements for the sale of electronic items, and then rob the potential buyers at gunpoint when they met to consummate the sale.  Neely, who had reached a plea agreement with the Commonwealth, testified against Appellant at trial, detailing the planning and execution of multiple robberies.  Upon Neely's testimony and other evidence,

including the testimony of two of the alleged victims, a jury convicted Appellant of conspiracy and one count of theft.[1]  Appellant was sentenced to an aggregate term of five to twelve years of imprisonment, and his direct appeal from that judgment of sentence resulted in no relief.  **See** **Commonwealth v. Claiborne**, 190 A.3d 704 (Pa.Super. 2018) (unpublished memorandum).

Appellant filed a timely *pro se* PCRA petition.  Appointed counsel filed an amended petition raising an after-discovered-evidence claim.  Specifically, the amended petition alleged that, on May 18, 2019, Neely executed an affidavit indicating that it was another man, not Appellant, who was the third member of the conspiracy, and that she fabricated her trial testimony because she was pressured by her attorney and wished to obtain a better plea deal.[2]  **See** Amended PCRA Petition, 5/21/19, at 3-4, Exhibit A.

_____

[1] While the jury acquitted or failed to reach a verdict on some of the counts of conspiracy and theft, it found Appellant guilty of counts four and eight, which were associated with the robbery of Austin Lee Colon and Jennifer Rivera-Chavez, the victims who identified Appellant and testified against him at trial.

[2] Appellant later supplemented his petition with a witness statement from his mother, Misty Lewis-Hall.  Therein, Ms. Lewis-Hall indicated that Appellant and Neeley had "on numerous occasions, talked about [Neely] writing the letter," that the hand-written document was delivered to Ms. Lewis-Hall's residence by "an unknown party," and that Neely subsequently met Ms. Lewis-Hall at a notary's office, where Neeley "read the entire letter in the parking lot, [and] agreed to everything it said, so we went in [and] had it notarized." Supplemental PCRA Petition, 9/9/19, at Exhibit A.

After continuances and other pre-hearing matters, the PCRA court held an evidentiary hearing on Appellant's petition on November 12, 2019. Neely unwillingly appeared at the hearing pursuant to a subpoena, but indicated that she consulted her attorney and did not "feel comfortable testifying right now or saying anything else at this moment." N.T. PCRA Hearing, 11/12/19, at 4. Neely confirmed that Appellant was her co-defendant, that she offered evidence against him at trial, and that she recalled giving statements at some point that differed from her trial testimony. *Id*. at 6-7. However, when asked if she recalled writing the exculpatory letter attached to Appellant's amended PCRA petition, if that letter was in her handwriting, and if she stood by her trial testimony, Neely responded "I have nothing to say." *Id*. at 5-7. Appellant presented no other evidence. At the conclusion of the hearing, the Commonwealth moved to dismiss Appellant's PCRA petition, and the PCRA court granted the motion. Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In this Court, in lieu of an advocate's brief, counsel filed a petition to withdraw and no-merit letter pursuant to *Turner* and *Finley*. Before we consider the merits of the issues raised on appeal, we must determine whether counsel followed the required procedure, which we have summarized as follows:

> When presented with a brief pursuant to *Turner*/*Finley*, we first determine whether the brief meets the procedural requirements of *Turner*/*Finley*. A *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2)

- 3 -

list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed pro se or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues

*Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa.Super. 2019) (internal citations omitted).

We are satisfied from the review of counsel's petition and no-merit letter that counsel has substantially complied with the technical requirements of *Turner* and *Finley*. Counsel has detailed his review of the case and the issue Appellant wishes to raise and explained why that issue lacks merit. Counsel also sent a copy to Appellant and advised him of his immediate right to proceed *pro se* or with hired counsel. Accordingly, we proceed to consider the substance of the appeal.

In his *Turner*/*Finley* letter, counsel addresses one issue, phrased as follows in Appellant's Pa.R.A.P. 1925(b) statement: "Whether the [PCRA] court's dismissal of [Appellant']'s PCRA petition was an abuse of discretion where [Appellant]'s witness offered recantation testimony but refused to testify at the evidentiary hearing?" Concise Statement, 1/14/20, at 1. *See also Turner*/*Finley* letter at 5-6.

We begin our independent evaluation of the merits of this issue with a review of the applicable law. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the

PCRA court is supported by the evidence of record and is free of legal error."

*Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017).

As to the substance of Appellant's claim, our Supreme Court has explained as follows:

> When seeking a new trial based on alleged after-discovered evidence in the form of recantation testimony, the petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. Johnson*, 966 A.2d 523, 541 (Pa. 2009). "The test is conjunctive; the appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted."

*Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa.Super. 2012) (cleaned up).

Our High Court has further expounded:

> this Court has repeatedly acknowledged the limitations inherent in recantation testimony, which has been characterized as extremely unreliable. In fact, we have remarked that there is no less reliable form of proof, especially where it involves an admission of perjury. For that reason, we have emphasized that, when addressing an after-discovered evidence claim premised on recantation testimony, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole. Unless the PCRA court is satisfied that the recantation is true, it should deny a new trial.

*Commonwealth v. Small*, 189 A.3d 961, 977 (Pa. 2018) (cleaned up).

With these principles in mind, we turn to the PCRA court's determination that Appellant's claim did not warrant relief. The PCRA court explained its reasoning as follows:

> First, despite the characterization utilized by [Appellant], this court did not receive "recantation testimony" by Teonna Neely. Neely refused to offer recantation testimony at the evidentiary hearing held solely for that purpose. What the court did receive, via the clerk of courts file, was an affidavit, purportedly created by Neely, attached to the amended PCRA petition. While that affidavit indicated [Appellant] had not been involved in the robbery scheme or incident, at the evidentiary hearing Neely refused to authenticate or acknowledge the affidavit. No other witness authenticated the affidavit or testified that it had been adopted by Neely. Thus, the evidentiary record on which the Court based its dismissal contained no recantation of Neely's prior trial testimony.
>
> Even if we were to consider the "recantation" present in the affidavit attributed to Neely by [Appellant], we would not find the affidavit to be reliable or persuasive, such that it would compel a different verdict and therefore justify a new trial. . . .
>
> In the instant case, the specific circumstances surrounding the preparation of Neely's affidavit were not ordinary, and they certainly do nothing to dispel the presumptive skepticism regarding its veracity. Even the most generous version of events described by [Appellant]'s various submissions to the court suggests that Neely did not actually write the affidavit. According to the proposed witness statement of [Appellant]'s mother attached to the supplemental petition, an "unknown party" brought the prepared affidavit to the mother's home. The mother then met Neely in the parking lot of a notary public, where Neely reportedly read the affidavit and ultimately signed it. We recall Neely's trial testimony in 2016 clearly implicating [Appellant]; the unusual circumstances surrounding the preparation and presentation of the affidavit recanting that testimony in 2019 do not persuade us of the veracity of that unauthenticated document.
>
> Finally, we note that Neely's testimony at [Appellant]'s 2016 trial was not the only evidence incriminating [Appellant] and supporting his conviction. Both victims of the incident—Austin

Colon and Jennifer Rivera-Chavez—appeared at trial and offered testimony against [Appellant]. In a photo lineup several days after the incident and at trial several months later, they identified [Appellant] as one of the perpetrators. Given this additional, significant evidence against [Appellant], we are unable to say that an unauthenticated affidavit purporting to recant the trial testimony of a coconspirator, who was at least at one time romantically involved with [Appellant], would compel a different verdict and justify our granting of a new trial in this matter.

PCRA Court Opinion, 1/30/20, at 8-10 (footnotes, citations, and unnecessary capitalization omitted).

Our review of the record in light of the applicable law reveals no abuse of discretion or error of law on the part of the PCRA court in rejecting Appellant's after-discovered evidence claim. For the reasons detailed in its opinion, the PCRA court properly concluded that Appellant failed to satisfy his burden to prove each element of his claim.[3] Accordingly, we find no reason to disturb the PCRA court's order dismissing Appellant's petition. Therefore, we affirm the PCRA court's order and grant counsel's petition to withdraw. *See*, *e.g.*, *Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa.Super. 2012) ("If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief." (internal quotation marks omitted)).

_____

[3] Indeed, the fact that the jury found Appellant guilty of the counts associated with the robbery of Mr. Colon and Ms. Rivera-Chavez, who testified against Appellant at trial, but acquitted or failed to reach a verdict as to other counts for which Neely's testimony implicated him, solidly supports the PCRA court's determination that recantation testimony from Neely was unlikely to compel a different result.

Kristopher G. Accardi, Esquire's petition to withdraw as counsel granted.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/07/2020