J-S17009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN EDWARD CAMPBELL | : | |
| | : | |
| Appellant | : | No. 2646 EDA 2023 |

Appeal from the PCRA Order Entered September 7, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003539-2019

BEFORE:  BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 27, 2024**

Kevin Edward Campbell appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  Also before us is the application of John E. Kotsatos, Esquire, to withdraw as counsel and an accompanying brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  We grant counsel's application and affirm.

We glean the following background from the certified record.  On February 19, 2021, Appellant entered a negotiated guilty plea to one count each of robbery, aggravated assault, possession of firearm prohibited, and criminal conspiracy to commit robbery.  The trial court sentenced him to six and one-half to thirteen years in prison.  On the day after sentencing, Appellant filed *pro se* a PCRA petition, which the court dismissed because Appellant had not yet exhausted his appeal rights.  Appellant's counsel

subsequently filed a motion to withdraw, and the trial court held a hearing at which it granted counsel's motion and reinstated Appellant's appellate rights *nunc pro tunc*.[1] It later appointed conflicts counsel, who filed a notice of appeal.

On direct appeal, Appellant's conflicts counsel applied to withdraw and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), asserting that the appeal was frivolous. In the interim, Appellant filed yet another *pro se* PCRA petition in the trial court, which was once more dismissed without prejudice. On February 2, 2022, this Court affirmed the judgment of sentence and permitted conflicts counsel to withdraw. ***See Commonwealth v. Campbell***, 273 A.3d 1017 (Pa.Super. 2022) (non-precedential decision). Appellant did not appeal to our High Court.

On June 28, 2023, Appellant *pro se* filed the underlying PCRA petition.[2] Therein, he asserted ineffective assistance of counsel because his attorney never informed him of his appeal rights prior to pleading guilty. Appellant further argued that the petition was timely in accordance with the newly-

_____

[1] On the same day as the hearing, Appellant filed another *pro se* PCRA petition. The court again dismissed the petition without prejudice as premature.

[2] Although the petition was date stamped by the clerk of courts on July 5, 2023, we note that the envelope in which it was mailed was postmarked on June 28, 2023. While it does not alter our disposition, we opt to utilize the earlier filing date in conducting our analysis. ***See Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa.Super. 2011) (noting that "in the interest of fairness, the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing").

- 2 -

discovered facts exception of the PCRA, indicating that he was unaware his judgment of sentence was affirmed until 2023. The PCRA court appointed Attorney Kotsatos to represent Appellant. At a conference to discuss the issues, counsel informed the court of his belief that the petition was untimely and that the purported exception did not apply. Despite being given the opportunity to testify on his behalf, Appellant simply acknowledged the information stated on the record by his attorney, proffering no explanation as to what steps he took to discover the status of his direct appeal. At the conclusion of the conference, the court dismissed the petition as untimely.

At Appellant's request, counsel filed a timely notice of appeal. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Instead, counsel filed a statement of intent to file a *Turner*/*Finley* brief pursuant to Pa.R.A.P. 19525(c)(4). The court subsequently authored an opinion in support of its decision to dismiss Appellant's PCRA petition.

In this Court, counsel filed an application to withdraw along with a no-merit brief pursuant to *Turner* and *Finley*. Before we consider the merits of the issues raised on appeal, we must determine whether counsel has followed the required procedure, which we have summarized as follows:

> When presented with a brief pursuant to *Turner*/*Finley*, we first determine whether the brief meets the procedural requirements of *Turner*/*Finley*. A *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are

meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

*Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa.Super. 2019) (internal citations omitted).

We are satisfied from a review of counsel's petition and no-merit brief that he has substantially complied with the technical requirements of *Turner* and *Finley*. Counsel has detailed his review of the case and the issues Appellant wishes to raise, and has explained why the claims lack merit. Counsel also sent copies of his no-merit brief and application to withdraw to Appellant and advised him of his immediate right to proceed *pro se* or with privately retained counsel.[3] Accordingly, we consider the substance of the appeal.

This Court addresses the propriety of the PCRA court's dismissal order as follows: "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). With regard to legal questions, "we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]" *Id*. (citation omitted).

We first determine whether Appellant's petition was timely, because neither this Court nor the PCRA court has jurisdiction to consider the merits

_____

[3] Appellant has not filed a response or *pro se* brief.

- 4 -

of any claims raised in an untimely PCRA petition. *See Commonwealth v. Ballance*, 203 A.3d 1027, 1030-31 (Pa.Super. 2019). In this respect, the PCRA provides as follows:

Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b). Any petitioner invoking one of these exceptions must file a petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Additionally, this Court has stated that the petitioner "bears the burden of pleading and proving an applicable statutory exception." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018).

Since Appellant did not appeal his judgment of sentence to the Pennsylvania Supreme Court, it became final on March 4, 2022, thirty days after we affirmed. *See* 42 Pa.C.S. § 9545(b)(3) (explaining that "a judgment

- 5 -

becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 1113(a) ("Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed."). There is no dispute that the instant petition, filed June 28, 2023, was facially untimely by almost four months. Therefore, Appellant had the burden to plead and prove one of the enumerated exceptions to the PCRA's time bar in his petition before the PCRA court could consider the merits of any of his claims.

As noted, Appellant raised the newly-discovered facts exception in his petition, premised on his claim that he did not learn until 2023 about our decision affirming his judgment of sentence. *See Turner*/*Finley* brief at 24-25; PCRA Petition, 7/5/23, at 3. We have stated:

> The timeliness exception set forth in [§] 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition **and could not have learned those facts earlier by the exercise of due diligence**. Due diligence demands that the petitioner take reasonable steps to protect his own interests. **A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence**. This rule is strictly enforced. Additionally, the focus of this exception is on the newly-discovered facts, not on a newly-discovered or newly-willing source for previously known facts.

- 6 -

*Commonwealth v. Howard*, 285 A.3d 652, 659-60 (Pa.Super. 2022) (cleaned up, emphases added).

In concluding that this purported exception must fail, counsel contends that "[t]hrough an exercise of due diligence (contacting his appointed counsel or his own personal monitoring of his own criminal case), Appellant would have been able to obtain notice of the Superior Court's decision." *Turner*/*Finley* brief at 25. The PCRA court agreed with that assessment, noting that the petition was untimely, and that Appellant's "contention that he was not informed of the Superior Court's February 2, 2022 decision . . . does not fall within any recognized timeliness exceptions under 42 Pa.C.S. § 9545." PCRA Court Opinion, 11/1/23, at 4 (citation modified).

Upon review, we agree with both counsel and the PCRA court that the underlying petition is untimely without an applicable exception, and that we therefore lack jurisdiction to consider the merits of any appeal arising therefrom. In his petition, Appellant did not demonstrate the exercise of due diligence or otherwise articulate **any** steps he took to monitor his direct appeal or promptly uncover this Court's decision. He did not assert that he was unable to obtain this information from counsel or through other means. Moreover, Appellant failed to develop this contention at the conference before the PCRA court, despite being given the opportunity to do so. Rather, after counsel indicated his belief that the petition was untimely and that the asserted exception did not apply, Appellant merely stated: "I believe everything that [counsel] stated so far is sufficient for me." N.T. Conference,

- 7 -

2/2/24, at 8. In short, Appellant has fallen woefully short of meeting his burden of pleading and proving any PCRA statutory exception. *Cf. Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (highlighting that in order to demonstrate due diligence in ascertaining the status of his appeal, the petitioner specifically pled as to the several steps he undertook, which included contacting both the trial court and the Superior Court in writing).

As such, we agree with counsel that Appellant failed to establish any exception to the PCRA's time-bar, and therefore the petition was properly dismissed as untimely.[4] Therefore, we grant counsel's application to withdraw and affirm the PCRA court's order dismissing Appellant's PCRA petition.

Application of John E. Kotsatos, Esquire, to withdraw as counsel granted. Order affirmed.

_____

[4] Assuming, *arguendo*, that we had jurisdiction to consider the claims raised in Appellant's petition, we would nonetheless conclude that they lack arguable merit. Appellant's assertion that he was dissatisfied with counsel and that he was not informed of his appeal rights at the time he pled guilty are belied by the certified record. *See* N.T. Guilty Plea, 2/19/21, at 2 (Appellant informing the trial court that he was satisfied with the representation of his attorney); Guilty Plea Statement, 2/19/21, at 5-6 (indicating affirmative responses from Appellant that he understood his post-sentence rights, including the fact that by pleading guilty, he would be giving up the right to appeal certain claims).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/27/2024