J-S24035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAL HEIDELBERG | : | |
| | : | |
| Appellant | : | No. 1264 WDA 2023 |

Appeal from the PCRA Order Entered September 26, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002293-2018

BEFORE:  BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: September 12, 2024**

Appellant, Cal Heidelberg appeals from the order entered in the Court of Common Pleas of Erie County on September 26, 2023, denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant's counsel (Counsel) has petitioned to withdraw from representation pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant Counsel's petition to withdraw and affirm the PCRA court's orders.

On direct appeal, this Court summarized the underlying facts as follows:

> On August 11, 2018, Erie Police Department Corporal James Langdon (Corporal Langdon), while on foot patrol, saw Appellant seated in the driver's seat of a green BMW parked on West 19th

---

[*] Former Justice specially assigned to the Superior Court.

Street. Corporal Langdon was familiar with Appellant and his BMW from a prior drug arrest. Corporal Langdon radioed police dispatch and relayed Appellant's name and the license plate number of the vehicle to check for any active warrants for Appellant. Dispatch checked the National Crime Information Center (NCIC) database and informed Corporal Langdon that Appellant had an "active Erie County arrest warrant," and confirmed the BMW was registered to Appellant.

As Corporal Langdon approached the BMW, Appellant exited the vehicle and walked to the front porch of his cousin's nearby house. Corporal Langdon followed Appellant and asked him "to identify himself, which he did." Corporal Langdon radioed the information to dispatch. Dispatch "confirmed the warrant" and sent additional officers to the scene.

Shortly thereafter, Corporal Curtis Waite (Corporal Waite) and Patrolman Daniel Post (Patrolman Post) arrived. The officers placed Appellant under arrest; he was placed in handcuffs, walked to a police cruiser, and seated in the back. . . .

Corporal Waite further testified, "on the driver's side driver's seat, we s[aw] a clear bag with suspected crack [cocaine] in it." Corporal Waite opened the door and removed the bag. Corporal Waite also "saw, in plain view on the ash tray, there were two more bags of suspected crack cocaine." After removing the suspected crack cocaine, the officers "secured the vehicle, and it was towed to the city garage." . . .

At the same time, Corporal Waite and Patrolman Post applied for a warrant to search Appellant's vehicle. Corporal Waite completed an affidavit of probable cause. A Magisterial District Judge approved and signed the search warrant the same day, and delivered the warrant to police by fax. When the warrant was executed, police recovered additional crack cocaine, a small amount of marijuana, and drug paraphernalia. They also found a handgun.

The Commonwealth charged Appellant with various drug and firearm offenses, and the trial court appointed counsel for Appellant. Appellant asked to proceed *pro se*. On October 30, 2018, following a Grazier hearing, the court granted Appellant's request and appointed standby counsel.

On November 29, 2018, Appellant filed a *pro se* omnibus pretrial motion (OPT motion) and petition for writ of habeas corpus. The trial court denied the petition for writ of habeas corpus. In the OPT motion, Appellant argued, *inter alia*, that his arrest was unlawful and not supported by probable cause, and therefore, "all items which are obtained from this illegal search [must] be suppressed, [as being] fruits of a poisonous tree." The court held a suppression hearing at which Appellant, Corporal Langdon, Corporal Waite, and Patrolman Post testified. By order entered January 30, 2019, the court denied Appellant's motion to suppress, summarily finding: "[Appellant's] arrest, pursuant to an outstanding sheriff's warrant, and subsequent search of his vehicle, are legal," and "the [c]ourt finds that the evidence was obtained legally."

The case proceeded to trial, and a jury convicted Appellant of [four counts of possession of a controlled substance, and one count each of firearms not to be carried without a license, possession with intent to deliver a controlled substance, possession of a small amount of marijuana, and possession of drug paraphernalia].[1] On August 20, 2019, the trial court sentenced Appellant to an aggregate 6 to 11 years' imprisonment, followed by 1 year of probation. Appellant did not file post-sentence motions.

*Commonwealth v. Heidelberg*, 267 A.3d 492, 496-98, (Pa. Super. 2021) (internal citations omitted).

Appellant filed a direct appeal challenging various aspects of the warrant for his arrest and the search of the vehicle. We affirmed his judgement of sentence on November 23, 2021, noting that the Erie police dispatch, a reliable source, confirmed the existence of an Erie County sheriff's warrant for Appellant's arrest. *Id.* at 501. *See Id*. Appellant filed a PCRA petition on

---

[1] 35 P.S. § 780-113(a)(16); 18 Pa.C.S.A. § 6106(a)(1); 35 P.S. §§ 780-113(a)(30), (31) and (32).

- 3 -

October 26, 2022, arguing that the Commonwealth "introduced a warrant that did not exist." PCRA Petition, 10/26/22, at 8. Appellant was appointed PCRA counsel, petitioned for new PCRA counsel, and new counsel (herein, "Counsel") was appointed on February 14, 2023. After several correspondence between Appellant and Counsel, and filings from Counsel and the Commonwealth which are discussed *infra*, the trial court issued an Opinion and Notice of Intent to Dismiss the PCRA petition on August 16, 2023. Appellant filed a response to the Intent to Dismiss on September 5, 2023. The trial court issued an order dismissing the PCRA petition without a hearing on September 26, 2023. Appellant filed a timely notice of appeal on October 23, 2023. Counsel filed a Statement of Intent to File *Finley* Brief on November 8, 2023. This appeal followed.

We first address whether Counsel has satisfied the procedural requirements of *Turner/Finley* in petitioning to withdraw. *Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019) ("When presented with a brief pursuant to *Turner/Finley*, we first determine whether the brief meets the procedural requirements of *Turner/Finley*."). This Court has explained:

> A *Turner/Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed pro se or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

*Knecht*, 219 A.3d at 691 (citations omitted). Further, we have stated that substantial compliance with the requirements to withdraw as counsel will satisfy the ***Turner/Finley*** criteria. ***Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003).

Here, in his ***Turner/Finley*** brief, Counsel (1) stated he has conducted a conscientious examination of the record, (2) determined there are no non-frivolous arguments to support Appellant's claims, and (3) explained why Appellant's claims lack merit. ***See Turner/Finley*** Brief at 6-8. Though Counsel did not list out each issue Appellant wishes to have reviewed, Counsel's conclusion that Appellant's petition lacks merit due to the presence of a search warrant applies to all potential issues. Additionally, Counsel notified Appellant of Counsel's request to withdraw, advised Appellant of his right to retain new counsel and/or raise any points he might deem worthy of consideration, and furnished Appellant with copies of the petition to withdraw and ***Turner/Finley*** brief. Under these circumstances, we conclude Counsel has substantially complied with the ***Turner/Finley*** requirements. Accordingly, we proceed to independently review Appellant's claims.

In his ***Turner/Finley*** brief, Counsel lists one issue:

WHETHER THE APPELLANT HAS STATED A COGNIZABLE CLAIM FOR RELIEF UNDER THE PCRA GIVEN THAT THE OPERATIVE AND FOUNDATIONAL ISSUE OF FACT AS TO WHETHER AN ACTIVE WARRANT HAD BEEN ISSUED AGAINST HIM AT THE TIME OF THE POLICE ENCOUNTER IN THE INSTANT CASE FOR PURPOSES OF PRESENTING A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO PURSUE A SUPPRESSION MOTION HAS BEEN RESOLVED AGAINST THE APPELLANT WHEREIN THE

COMMONWEALTH PRESENTED DEFINITIVE EVIDENCE AS A PART OF THE PCRA RECORD THAT A WARRANT WAS ACTIVE AT THE RELEVENT [sic] TIME THEREBY SUPPORTING THE LEGALITY OF THE POLICE ENCOUNTER?

*Turner/Finley* Brief at 2.

Appellant's chief assertion underlying his petition and appeal is that the police lacked any factual predicate that there was an active arrest warrant issued against him at the time of his arrest and the search of his car. When this Court affirmed Appellant's conviction on direct appeal, we stated, "Although the Commonwealth did not produce absolute proof of the existence of the arrest warrant, we ascertain no abuse of the trial court's discretion in finding it was more probable than not that a valid warrant existed from the evidence adduced at the suppression hearing." *Heidelberg*, 267 A.3d at 501. Contained in the record are documents that Appellant had attached as exhibits to his PCRA petition purporting to show that there had been no warrant active at the time of his arrest. Appellant wrote a letter to the Erie County Sheriff's Office, submitted a Right to Know Law request to the Pennsylvania State Police, and obtained various Erie Bureau of Police forms that indicate there was no active warrant for his arrest at the time of it. *See* PCRA Petition, 10/26/22, exhibits; Appellant's Br. at 7-8. Counsel recognized this as prima facia evidence that no warrant existed and argued on Appellant's behalf that, in the PCRA context, the merit of Appellant's claims is fully determined by whether or not an arrest warrant existed.

Counsel's supplemental PCRA petition requested that the Commonwealth be compelled to produce evidence that an arrest warrant for Appellant actually existed at the time of his arrest. PCRA Petition, 4/28/23, at 11. Counsel stated that the Commonwealth's ability to produce proof of the warrant would "subvert[] the merit of Petitioner's claim in toto." *Id*. The Commonwealth filed a response on July 31, 2023, and supplemented the response on August 2, 2023, with a warrant for Appellant's arrest that had been issued by the Honorable John Garhart on June 21, 2018, for failure to pay costs at Docket No. 991 of 2014. Following his August 11, 2018, arrest by Corporal Langdon, that bench warrant was served on Appellant.

Counsel now submits,

I sought to advocate for the appellant that in lieu of an evidentiary hearing, that the capacity of the Commonwealth to produce evidence of a warrant would be purely determinative of the PCRA matter. . . . However, in their responsive pleadings, the Commonwealth was able to produce and cite the existence of a warrant regarding Heidelberg and thereby arguing as a consequence there was no factual or legal predicate for the instant claim.

In light of this production in response to the framing of the issue of fact and the supplemental pleading, my posture as to the viability and arguable merit underlying the incident PCRA claim was wholly altered. The existence of the warrant from any detached and realistic evaluation of the claim serves to undermine the claim and is dispositive of the PCRA claim against the appellant. . . . As I framed in the supplemental PCRA petition, if the Commonwealth was unable to produce evidence of an existing warrant, I would have fully and fairly argued on behalf of the appellant that this was also dispositive of the PCRA claim in that the police encounter was pretextual as there was no legal predicate given the absence of a warrant while further arguing that no good faith reliance exception should apply.

***Turner/Finley*** Brief at 7-8.

We agree that the existence of the arrest warrant for Appellant is fatal to his claims. Appellant argues that since he contacted multiple government agencies to locate the warrant and that none were able to produce it previously, the warrant must not have existed at the time. Appellant's Br. at 8. Appellant suggests that the authenticity of the document "call[s] into question the integrity of the judiciary." ***Id.*** at 10. Counsel states,

> The appellant sought to argue to counsel that there were questions as to the authenticity of the warrant presented by the Commonwealth. I do not share that belief and I have no good faith indicia to question the valid and authentic nature of this evidence.

***Turner/Finley*** Brief at 8.

We agree, and our independent analysis confirms the warrant's authenticity. The warrant states,

> AND NOW, this 20th day of June, 2016, the Sheriff of Erie County, or any other police officer. is hereby ORDERED to convey and deliver Cal Heidelberg Jr. residing at . . ., into the custody of the Court of Common Pleas of Erie County, at Erie County Courthouse 140 West Sixth Street Erie, PA 16501 for a hearing. If the Court is unavailable, the individual may be held in the County Jail until the Court is opened for business, at which time the individual shall be promptly conveyed and delivered into the custody of the Court.

Bench Warrant, 6/21/18, R.R. at 775. Additionally, the issuance and service of the bench warrant are clearly listed on the Docket No. 991 of 2014.

The decision to hold an evidentiary hearing is within the discretion of the PCRA court and will not be reversed absent an abuse of that discretion.

*See Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). It is well settled that

> [t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that that court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted).

Following our review of the record, we agree with the PCRA court's conclusion that an evidentiary hearing was unwarranted because Appellant's claims have no arguable merit. Further, Appellant has failed to present any genuine issue of material fact that would entitle him to a hearing. *See id.* at 328. The warrant was signed and dated in ink by the Honorable John Garhart, and Appellant sets forth no good faith basis for the argument that the warrant lacks authenticity. Therefore, no relief is due. We grant Counsel's petition to withdraw and affirm the PCRA court's orders.

Order Affirmed.

Judge Sullivan joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

9/12/2024