J-S31038-19

2019 PA Super 285

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :            PENNSYLVANIA
                                :
             v.                   :
                                :
                                :
DONALD T. KNECHT               :
                                :
           Appellant             :     No. 1746 WDA 2018

Appeal from the Order Entered November 7, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0002804-2011,
CP-65-CR-0002805-2011

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

OPINION BY McLAUGHLIN, J.:                 **FILED SEPTEMBER 18, 2019**

Donald Knecht appeals from an order denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. His counsel has filed **Turner/Finley**[1] brief and a petition to withdraw. We affirm the denial of the PCRA petition and grant counsel's request to withdraw.

Knecht pleaded guilty in February 2012 to multiple felonies, including involuntary deviate sexual intercourse with a child, indecent assault of a person less than 13 years of age, and 50 counts of possession of child pornography.[2] The court determined Knecht to be a sexually violent predator ("SVP") and sentenced Knecht in all to 12½ to 25 years in prison followed by five years of probation.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] **See** 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7), and 6312(d), respectively.

Five years after sentencing, Knecht filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition. The PCRA court ultimately dismissed the petition as untimely, and Knecht appealed.

Knecht's counsel subsequently filed a brief pursuant to **Turner/Finley** and an application to withdraw as counsel. The brief identifies the following issue:

> Whether the holding in **Commonwealth v. Muniz**[, 164 A.3d 1189 (Pa. 2017),] finding SORNA to be violative of the constitutional right to be free of penal *ex post facto* laws[,] creates a constitutional right held to apply retroactively, thereby vesting a trial court with jurisdiction to rule on the merits of a PCRA petition filed as an exception under 42 P[a.]C.S.A. § 9545(b)(1)(iii)?

**Turner/Finley** Br. at 7.

When presented with a brief pursuant to **Turner/Finley**, we first determine whether the brief meets the procedural requirements of **Turner/Finley**. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). A **Turner/Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. **Wrecks**, 931 A.2d at 721. If the brief meets these requirements, we then conduct an

independent review of the petitioner's issues. ***Commonwealth v. Muzzy***, 141 A.3d 509, 511 (Pa.Super. 2016).

Here, counsel has substantially complied with the requirements of ***Turner/Finley***. The brief contains counsel's certification that he conducted a "zealous and diligent review" and found no meritorious issues. Counsel explains the issue that Knecht desires to raise on appeal and explains that he considers Knecht's issue to be meritless because neither the Pennsylvania nor the United States Supreme Court has declared ***Muniz*** to apply retroactively. PCRA counsel filed a copy of the letter he sent to Knecht, explaining why he finds that Knecht's issue is meritless, and advising Knecht that he may proceed *pro se* or retain private counsel.

We now proceed to an independent review of Knecht's issue. Knecht contends that the PCRA court had jurisdiction because ***Muniz*** applies retroactively. We agree with PCRA counsel that this issue is meritless.

The "retroactive right" timeliness exception applies only if either the Supreme Court of the United States or the Supreme Court of Pennsylvania has held that the right at issue applies retroactively. 42 Pa.C.S.A. § 9545(b)(1)(iii); ***Commonwealth v. Abdul-Salaam***, 812 A.2d 497, 501 (Pa. 2002). Knecht contends that we held ***Muniz*** to apply retroactively in ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa.Super. 2017). However, ***Rivera-Figueroa*** did not involve the "retroactive right" timeliness exception. The PCRA petition in that case was timely, and all we said in that

case was that a timely PCRA petition could access the right announced in ***Muniz***.

Here, unlike the petitioner in ***Rivera-Figueroa***, Knecht seeks to invoke the "retroactive right" timeliness exception. Because neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that ***Muniz*** applies retroactively, Knecht is not eligible for this timeliness exception. ***See Commonwealth v. Murphy***, 180 A.3d 402, 405-06 (Pa.Super. 2018).

Order affirmed. Counsel's application to withdraw granted.

Judge Stabile joins the Opinion.

Judge Olson notes dissent.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2019