J-S41018-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS STUART KING, | : | |
| | : | |
| Appellant | : | No. 2060 MDA 2019 |

Appeal from the PCRA Order Entered November 26, 2019
In the Court of Common Pleas of Fulton County Criminal Division at
No(s): CP-29-CR-0000047-2016

BEFORE:    KUNSELMAN, J., McLAUGHLIN, J. and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.

**FILED FEBRUARY 09, 2021**

Under **Turner/Finley**[1] review, if counsel satisfies the technical requirements, this Court must conduct an independent review of the appellant's issues. **See Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019) (citation omitted). Upon review, I believe the PCRA court erred in sustaining the relevance objection regarding whom Appellant spoke with about a purported plea offer. In order to prove prejudice for a claim that the ineffective assistance of counsel caused a petitioner to reject a plea offer, the petitioner must prove the following.

> [B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*Retired Senior Judge assigned to the Superior Court.

court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

***Commonwealth v. Steckley***, 128 A.3d 826, 832 (Pa. Super. 2015) (quoting ***Lafler v. Cooper***, 566 U.S. 156, 164 (2012)). This Court has observed that this test "necessarily requires courts to speculate as to what would have transpired absent trial counsel's ineffectiveness. ***Cf. Missouri v. Frye***, 566 U.S. 134, 154 (2012) (Scalia, J., dissenting) (denouncing ***Lafler***'s prejudice inquiry as 'retrospective crystal-ball gazing posing as legal analysis')." ***Steckley***, 128 A.3d at 834 (citation altered).

Here, Appellant testified that trial counsel conveyed a plea offer and advised him against taking it, whereas trial counsel testified that a plea offer was never conveyed to Appellant because the Commonwealth did not make one. Therefore, Appellant's proposed testimony regarding whom he told about the purported plea offer is relevant because, if believed, it makes it more probable that an offer was conveyed to Appellant. ***See*** Pa.R.E. 401 ("Evidence is relevant if[] it has any tendency to make a fact more or less probable than it would be without the evidence; and [] the fact is of consequence in determining the action."). Thus, I disagree with the Majority's conclusions that the PCRA court did not err in sustaining the relevance objection and that Appellant's claim is meritless.

Nonetheless, Appellant did not allege here that he would have accepted the purported plea offer absent counsel's ineffectiveness. **See Steckley, supra**. Thus, even if the PCRA court had considered Appellant's testimony regarding whom he spoke with about the plea offer along with trial counsel's testimony that no plea offer was made, Appellant's underlying PCRA claim fails and he is not entitled to relief. Accordingly, I join the Majority in granting counsel's petition to withdraw and affirming the dismissal of Appellant's PCRA petition.