J-S03010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDMOND J. CALLOWAY | : | |
| | : | |
| Appellant | : | No. 957 EDA 2022 |

Appeal from the PCRA Order Entered March 1, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0509401-1995

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDMOND J. CALLOWAY | : | |
| | : | |
| Appellant | : | No. 958 EDA 2022 |

Appeal from the PCRA Order Entered March 1, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0509411-1995

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 28, 2023**

Edmond J. Calloway appeals from the order that dismissed his fifth petition filed pursuant to the Post Conviction Relief Act ("PCRA").  Also before us is the application of Coley O. Reynolds, Esquire, to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and

*Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). We

grant counsel's application and affirm.

This Court provided the following summary of the underlying facts in

adjudicating the appeal from the denial of Appellant's fourth PCRA petition:

> On April 8, 1995, [Appellant] went to a speakeasy in search of Tyrone ["Reds"] Hill, where, upon arrival, he repeatedly struck Hill's cousin, Richard McCray, with a baseball bat, rendering him unconscious. [Appellant] then demanded to know [Reds]'s whereabouts. Shortly thereafter, when [Reds] approached the speakeasy in his car, [Appellant] fired three shots into the vehicle, causing [Reds] to crash. [Appellant] then ran up to the automobile and fired three shots inside, killing [Reds].

*Commonwealth v. Calloway*, 227 A.3d 430 (Pa.Super. 2020) (non-

precedential decision at 1) (cleaned up). We affirmed Appellant's judgment

of sentence on March 23, 1998, and none of his first four PCRA petitions

resulted in relief. *See id*. at 2-3 (summarizing history of first three petitions),

10 (affirming dismissal of Appellant's fourth petition).

The PCRA court summarized the litigation of the fifth petition, at issue

in this appeal, as follows:

> On April 7, 2020, [Appellant] filed the instant *pro se* PCRA petition. In his petition, [Appellant] raised the following three claims:
>
> > (1) The prosecution never established the elements for a *prima facie* case for aggravated assault in accordance with 18 Pa. C.S. § 2702(a), or 18 Pa.C.S. § 2302.
> >
> > (2) [Appellant] intends on presenting to the court documented evidence supporting Richard McCray's new declaration as being the truth.

(3) [Appellant] also intends on presenting evidence to show the prosecution never presented a physician, medical records, or any evidence to support the charge for aggravated assault against [Appellant].

The PCRA court denied [Appellant]'s first and third claims, which challenge the sufficiency of the evidence to support [Appellant]'s conviction for aggravated assault, on the ground that they were previously litigated and therefore not cognizable under the PCRA. However, the court granted [Appellant] an evidentiary hearing on [Appellant]'s second claim, which was premised upon the recantation of trial witness Richard McCray. Pursuant to Rule 904(D) of the Pennsylvania Rules of Criminal Procedure, the court appointed [Attorney Reynolds], to represent [Appellant] at the hearing.[2] On March 1, 2022, following an evidentiary hearing, the court dismissed the fifth petition.

_____

[2] Rule 904(D) provides that on second or subsequent PCRA petitions, an indigent *pro se* defendant is entitled to appointed counsel if an evidentiary hearing is necessary.

PCRA Court Opinion, 6/6/22, at 2-3 (cleaned up). Specifically, after concluding that Appellant's petition was timely filed following his discovery of new facts previously unknown to him, the PCRA court held that Appellant's substantive after-discovered evidence claim merited no relief. **See id**. at 5-7 (citing 42 Pa.C.S. § 9545(b)(1)(ii)).

Appellant filed a timely notice of appeal, and the PCRA court directed him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Instead, Attorney Reynolds filed pursuant to Pa.R.A.P. 19525(c)(4) a statement of intent to file a **Turner/Finley** brief. The PCRA court subsequently filed an opinion in support of its dismissal of Appellant's PCRA petition.

- 3 -

In this Court, counsel filed a petition to withdraw along with his no-merit letter pursuant to *Turner* and *Finley*. Before we consider the merits of the issues raised on appeal, we must determine whether counsel has followed the required procedure, which we have summarized as follows:

> When presented with a brief pursuant to *Turner*/*Finley*, we first determine whether the brief meets the procedural requirements of *Turner*/*Finley*. A *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed pro se or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues

*Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa.Super. 2019) (internal citations omitted).

We are satisfied from the review of counsel's petition and no-merit letter that counsel has substantially complied with the technical requirements of *Turner* and *Finley*. Counsel has detailed his review of the case and the issues Appellant wishes to raise and has explained why the issues lack merit. Counsel also sent copies of his no-merit letter and application to withdraw to Appellant and advised him of his immediate right to proceed *pro se* or with privately-retained counsel.[1] Accordingly, we proceed to consider the substance of the appeal.

---

[1] Appellant has not filed a response or a *pro se* brief.

- 4 -

We begin our independent evaluation of the merits of Appellant's issues with a review of the applicable law. As our Supreme Court summarized:

When [an appellate court] reviews an order dismissing or denying a PCRA petition, its standard of review is whether the findings of the PCRA court are supported by the record and are free from legal error. The PCRA court's credibility determinations, when supported by the record, are binding on [the appellate court]. Appellant has the burden to persuade [the appellate court] that the PCRA court erred and that such error requires relief. Lastly, it is well settled that [the appellate court] may affirm a valid judgment or order for any reason appearing as of record.

*Commonwealth v. Reid*, 259 A.3d 395, 405-06 (Pa. 2021) (cleaned up).

Counsel first addresses Appellant's after-discovered evidence claim premised upon the recantation testimony of Richard McCray. The following legal principles apply to that claim:

After-discovered evidence is a recognized ground for relief under the PCRA. Relief is due when the proponent can demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. Failure to satisfy any one prong is fatal to the claim.

*Commonwealth v. Crumbley*, 270 A.3d 1171, 1178 (Pa.Super. 2022) (cleaned up).

Specific to after-discovered evidence claims involving recanting witnesses, our Supreme Court has acknowledged the inherent limitations of recantation testimony, which it characterized as "extremely unreliable." *Commonwealth v. Small*, 189 A.3d 961, 977 (Pa. 2018). The Hight Court explained:

- 5 -

> [T]here is no less reliable form of proof, especially where it involves an admission of perjury. For that reason, we have emphasized that, when addressing an after-discovered evidence claim premised on recantation testimony, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole. Unless the PCRA court is satisfied that the recantation is true, it should deny a new trial.

*Commonwealth v. Small*, 189 A.3d 961, 977 (Pa. 2018) (cleaned up).

In the instant case, Mr. McCray testified at Appellant's 1996 trial that he was standing outside of the speakeasy, when a car pulled up, Appellant jumped out, Appellant and two other men approached Mr. McCray, and Appellant beat Mr. McCray in the head with an aluminum baseball bat about three times. *See* N.T. Trial, 3/22/96 (Afternoon session), at 86-88. Afterwards, Appellant went upstairs into the speakeasy, and Mr. McCray saw that Appellant and one of the other men had guns. *Id*. at 89-90.

In January 2020, Mr. McCray was speaking to his cousin Laquisha McCain, who is Appellant's niece. Ms. McCain lamented not knowing Appellant since he went to prison when she was young, which prompted Mr. McCray to confess to her that Appellant was innocent and promise to do what he could to get Appellant out of prison. *See* N.T. PCRA Hearing, 3/1/22, at 19-20. Thereafter, Mr. McCray was approached by an investigator hired by Appellant and offered a written statement. Therein, he indicated that Appellant did not hit him with the bat, but merely pushed him and someone else punched him and knocked him out. *See* Brief in Support of PCRA Petition,

4/7/20, at 13-14. Further, Mr. McCray asserted that Appellant did not have a gun on the night in question. *Id*. at 14.

At the outset of his testimony at the PCRA hearing, Mr. McCray disavowed some of the statements attributed to him in the interview with the investigator, offering corrections thereto concerning such matters as the amount Mr. McCray had to drink on the night in question and who informed him that Reds had been shot. *See* N.T. PCRA Hearing, 3/1/22, at 12. Mr. McCray then proceeded to reaffirm to the PCRA court that, *inter alia*, Appellant did not assault him or possess a gun on that night in 1995. On cross-examination, Mr. McCray exhibited a selective memory and offered further testimony that was inconsistent with his statement to the investigator. *See*, *e.g.*, *id*. at 41 (claiming that he was both struck with a bat and a fist).

At the conclusion of the hearing, the PCRA court stated its findings of facts and conclusions of law. The court indicated that Appellant acted with due diligence in discovering Mr. McCray's recantation, but that Appellant's after-discovered evidence claim did not merit relief.[2] The court found that hearing Mr. McCray's testimony compelled it to find him incredible. The PCRA court explained that Mr. McCray's inconsistent versions of events, even

---

[2] The Commonwealth does not dispute on appeal the PCRA court's finding that Appellant's petition was timely filed in accordance with 42 Pa.C.S. § 9545(b)(1)(ii) (stating newly discovered facts exception to the PCRA's one-year time bar). Our review of the certified record did not give us cause to disturb the ruling that the PCRA court had jurisdiction to address the merits of Appellant's substantive claim based upon the new facts.

between the statement he gave the investigator not long before the hearing, caused it to simply not believe his testimony. *Id*. at 80-81. The PCRA court alternatively concluded that Mr. McCray's recantation was unlikely to lead to a different result, especially as to Appellant's murder conviction. *Id*. at 81. *See also* PCRA Court Opinion, 6/6/22, at 8 (detailing the other evidence of Appellant's guilt).

The PCRA court's credibility determinations are supported by the certified record, and we are therefore bound by those findings. *See Reid*, *supra* at 405-06. As discussed above, Mr. McCray displayed a convenient ability to testify to details of events favorable to Appellant, but the inability to recollect others when cross-examined about prior versions of his story. Moreover, Mr. McCray failed to maintain a consistent narrative of events at the PCRA hearing itself. Since the record support's the PCRA's finding that the recantation was not true, it properly denied Appellant relief. *See Small*, *supra* at 977 ("Unless the PCRA court is satisfied that the recantation is true, it should deny a new trial." (cleaned up)).

The two remaining claims Appellant raised in his PCRA petition concerned the adequacy of the Commonwealth's evidence to establish the aggravated assault conviction. In particular, he asserted that the Commonwealth failed to establish that Mr. McCray suffered bodily injury, that Mr. McCray's medical records document no head injury, and, therefore, "the

verdict is not supported by the weight and/or sufficiency of the evidence." Brief in Support of PCRA Petition, 4/7/20, at 8.

The PCRA court dismissed these claims prior to the hearing, ruling that they were claims were waived for purposes of the PCRA claims because they could have been raised on Appellant's direct appeal.[3] ***See also*** PCRA Court Opinion, 6/6/22, at 4. This ruling was correct. ***See*** 42 Pa.C.S.. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). ***See also Commonwealth v. Price***, 876 A.2d 988, 995 (Pa.Super. 2005) ("[A]n appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal.").

For the above reasons, we agree with counsel that Appellant's issues are meritless. Therefore, we grant counsel's petition to withdraw and affirm the PCRA court's order dismissing Appellant's fifth PCRA petition.

Application of Coley O. Reynolds, Esquire, to withdraw as counsel granted. Order affirmed.

---

[3] We observe that Appellant did not assert that Mr. McCray's 1995 medical records or their contents were newly discovered, previously unavailable facts.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/2023