J-S43007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SEAN MICHAEL KRATZ :
:
Appellant : No. 2896 EDA 2023

Appeal from the PCRA Order Entered October 19, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006072-2017

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 18, 2024**

Sean Michael Kratz appeals from the order denying his Post Conviction
Relief Act ("PCRA") petition. John S. Han, Esquire, has filed an application to
withdraw and letter brief pursuant to **Commonwealth v. Turner**, 544 A.2d
927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.
1988) (*en banc*). We grant counsel's request to withdraw and affirm the PCRA
court's order.

In the underlying case, Appellant and his cousin lured, robbed, and killed
three individuals, and then burned and buried their bodies. As is relevant to
the instant appeal, William Craig Penglase, Esquire, negotiated a plea deal on
Appellant's behalf to an aggregate sentence of fifty-nine to 118 years of
incarceration for pleading guilty to, *inter alia*, third-degree murder. As part
of the plea bargain, Appellant confessed to murdering the first individual and
being present during the subsequent two murders. This confession was audio

and video recorded on April 25, 2018, and Appellant was advised beforehand that if he withdrew his plea that it could be used against him.

When Appellant appeared for the entry of his guilty plea, he rejected the offer. In response, the Commonwealth indicated that it would seek the death penalty and intended to introduce the April 25, 2018 confession against him at trial. Appellant filed a pre-trial motion to suppress the recorded statement. Following an evidentiary hearing, the court denied the motion. Appellant proceeded to a jury trial with the assistance of Charles Peruto, Esquire, the Commonwealth presented the recorded confession, and the jury adjudged him guilty as follows:

> [F]irst-degree murder of Dean Finocchiaro ("Finocchiaro"), second-degree murder of Finocchiaro while in the commission of a robbery, voluntary manslaughter of Thomas Meo ("Meo"), voluntary manslaughter of Mark Sturgis ("Sturgis"), conspiracy to commit first-degree murder of Finocchiaro, robbery of Finocchiaro, conspiracy to commit robbery of Finocchiaro, abuse of corpse of Finocchiaro, abuse of corpse of Meo, abuse of corpse of Sturgis, possessing an instrument of a crime with intent, possession of a weapon, and theft by receiving stolen property of Finocchiaro.

*Commonwealth v. Kratz*, 253 A.3d 329, 2021 WL 1725547, at *1 (Pa.Super. 2021) (non-precedential decision) (footnote omitted).

Thereafter, the Commonwealth withdrew its intention to seek the death penalty. The trial court sentenced Appellant to life imprisonment without the possibility of parole followed by an aggregate term of incarceration of eighteen to thirty-six years. This Court affirmed his judgment of sentence on direct appeal, finding meritless several claims assailing the trial court's suppression

decision. *Id*. Our High Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Kratz*, 266 A.3d 451 (Pa. 2021).

On January 6, 2023, Appellant timely filed his first PCRA petition with the assistance of Attorney Peruto. Therein, he argued that Attorney Penglase rendered ineffective assistance by failing to adequately advise him of the consequences and parameters of making the April 25, 2018, recorded statement. He claimed that he did not know the statement could be used against him if he did not plead guilty and was misled into believing that the fifty-nine year imprisonment term would be the maximum sentence. The PCRA petition alleged that this "ineffectiveness wrongfully induced [Appellant] to accept the Commonwealth's plea deal and give an inculpatory statement to the investigators." *Turner*/*Finley* letter brief at 8-9. The court held an evidentiary hearing, at which it heard testimony from Appellant, Attorney Penglase, and Mary Kate Kohler, Esquire, the deputy district attorney who negotiated the plea deal. Upon consideration, the PCRA court credited the testimony of Attorney Penglase and denied Appellant's petition.

Appellant filed the instant *pro se* notice of appeal. At the request of Appellant and Attorney Peruto, the court permitted Attorney Peruto to withdraw and appointed new counsel, Attorney Han, who complied with the court's order to file a Pa.R.A.P. 1925(b) statement. The court then issued a responsive Rule 1925(a) opinion. As noted, Attorney Han has sought leave to

withdraw in this Court.[1] He identifies a single PCRA claim that Appellant wanted to raise on appeal:

> Whether the [PCRA] court erred and abused its discretion in denying the petition for [PCRA] relief by failing to properly consider [Appellant]'s testimony that:
>
> (1) his court appointed attorney, [Attorney] Penglase, wrongfully induced [him] to make a recorded statement to the police on April 25, 2018[,] in order to obtain a favorable plea deal by incorrectly advising [Appellant] prior to the making of the statement that [Appellant] would only face [fifty-nine] years of incarceration as the maximum penalty, the ultimately maximum term of incarceration was still in flux and could be negotiated below [fifty-nine] years, the statement would not be used against him if [Appellant] decided not to plead guilty, and the statement would only be used against him if [Appellant] pleaded [*sic*] and sought to later withdraw the guilty plea;
>
> (2) [Appellant] would have never made the statement to the police on April 25, 2018[,] if he knew the negotiated sentence was fixed at [fifty-nine] years of incarceration as the minimum and the statement would be used against him if he decided not to plead guilty; and
>
> (3) Attorney Penglase's incorrect advice concerning the terms of the plea negotiations caused prejudice to [Appellant]'s right to pursue an effective defense at trial.

*Turner*/*Finley* letter brief at 7-8 (cleaned up).

Since counsel has filed an application to withdraw, we consider the following *Turner*/*Finley* requirements:

> When presented with a brief pursuant to *Turner*/*Finley*, we first determine whether the brief meets the procedural requirements of *Turner*/*Finley*. A *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each

---

[1] Appellant has not filed a response.

- 4 -

issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

*Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa.Super. 2019) (cleaned up).

Upon review, we are satisfied that Attorney Han has complied with the abovementioned requirements, and therefore turn to the substance of the issue Appellant wished to raise. As it implicates the effectiveness of counsel, we conduct our inquiry mindful of the following tenets:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions. Further, it is an appellant's burden to persuade us that the PCRA court erred and that relief is due.

. . . [C]ounsel is presumed to be effective, and the petitioner bears the burden of proving otherwise. To do so, he must establish the following three elements:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

Failure to prove any of the three elements will result in dismissal of the ineffectiveness claim.

*Commonwealth v. Pitt*, 313 A.3d 287, 293 (Pa.Super. 2024) (cleaned up).

Attorney Han maintains that the record supports the PCRA court's

credibility determinations and therefore Appellant has failed to establish the arguable merit prong. **Turner**/**Finley** letter brief at 16. In that regard, we have explained that a claim "has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination" subject to *de novo* review. **Pitt**, 313 A.3d at 293 (cleaned up).

Our review of the certified record bears out that Appellant signed a plea colloquy that included the negotiated sentence of fifty-nine to 118 years. At the plea hearing, the Commonwealth relayed that same sentence, and Appellant acknowledged that he understood the offer and had no questions about it. **See** N.T. Guilty Plea Hearing, 5/23/18, at 3, 5-6. At the PCRA hearing, Attorney Penglase testified that he disclosed the terms of the plea offer to Appellant within one day of receiving it, and he explained the minimum and maximum sentence three times before Appellant provided the recorded confession. **See** N.T. PCRA Hearing, 10/18/23, at 33-34, 37-38. Also, by that time, he averred that he had twice told Appellant that if he chose not to plead guilty, or if he pled guilty and withdrew his plea, the recorded confession could be used against him at trial. **Id**. at 38.

The PCRA court credited Attorney Penglase's account of what occurred, and the record supports those credibility determinations. Accordingly, we agree with Attorney Han that Appellant cannot satisfy the arguable merit prong, and the sole PCRA issue is thus meritless. Further, we have

independently reviewed the record and agree with counsel that the petition is meritless. ***See Finley***, 550 A.2d at 215. As such, we grant counsel's petition to withdraw and affirm the order denying Appellant's PCRA petition.

Petition of John S. Han, Esquire, granted. Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/18/2024