J-S47027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM OMAR MEDINA | : | |
| | : | |
| Appellant | : | No. 1770 EDA 2023 |

Appeal from the PCRA Order Entered June 5, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002239-2019

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 3, 2025**

William Omar Medina appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  42 Pa.C.S.A. §§ 9541-46.  Counsel has filed a motion to withdraw and a ***Turner/Finley*** no-merit letter.[2]  For the reasons that follow, we affirm the denial of post-conviction relief and grant counsel's motion to withdraw.

The pertinent facts and procedural history are as follows:  On two days in February 2019, Medina and his nephew, Koby Rivera, committed two armed

---

[1] Although Medina's *pro se* notice of appeal listed two docket numbers, we note that the Commonwealth withdrew the charges at No. CP-39-CR-0002240-2019 once Medina entered his plea.  Thus, the appeal lies only from No. CP-39-CR-2239-2019.  We have amended the caption accordingly.

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

robberies. After one of the robberies the men fled in a stolen vehicle. As the PCRA court detailed:

> On March 12, 2019, the stolen vehicle was spotted by Detective Sal Aprile of the Lehigh County District Attorney's Office Auto Theft Task Force in an Auto Zone parking lot on Airport Road in Allentown, Lehigh County, Pennsylvania. The vehicle was confirmed to be the one that was stolen from the victim.
>
> Police conducted surveillance on the vehicle and within two hours, two males exited a Super 8 Motel nearby. They walked toward the stolen vehicle[.] Police stopped the vehicle from pulling out by blocking it.
>
> When police approached the vehicle, [Rivera] fled on foot. [Medina] remained at the scene. Both men were eventually arrested.
>
> In the Affidavit of Probable Cause, there were references indicating [Medina] had fled from the stolen vehicle when police stopped it from leaving.

PCRA Court Opinion, 7/26/23 at 2-3 (citations and footnote omitted).

Following the denial of pre-trial motions, Medina subsequently tendered a *nolo contendere* plea on October 19, 2021 to two counts of robbery, both graded as a felony of the first degree. At the time of entering his plea, Medina proceeded *pro se*, but with standby counsel. That same day, Medina was sentenced to an aggregate period of incarceration of not less than 105 months to not more than 18 years.

Medina filed numerous *pro se* documents following his plea and sentencing.[3] One of these was a notice of appeal. On April 26, 2022, the Superior Court dismissed the appeal based on Medina's failure to file a brief.[4]

The PCRA court explained that Medina then filed a PCRA petition:

> While the [direct] appeal was pending in the within matter, [Medina] filed a federal lawsuit against Detective Eric Stauffer, the affiant of the criminal complaints filed in the within matters. During a jury trial in the federal case, Detective Stauffer was questioned about the representations indicating [Medina] had fled the stolen vehicle. Detective Stauffer acknowledged that the statement in the Affidavit of Probable Cause was inaccurate.
>
> [Medina] filed a [*pro se* PCRA petition] on October 18, 2022. [The PCRA court appointed counsel who ultimately filed a] "Second Amended PCRA Petition" . . . on February 1, 2023. In his Second Amended PCRA Petition, [Medina] argued his plea was induced by the production of evidence by the Commonwealth which had since been determined to be false or untrustworthy. This specifically referred to Detective Stauffer's inaccurate representation in the Affidavit of Probable Cause indicating [Medina] fled the stolen vehicle.

PCRA Court Opinion, 7/26/23, at 3-4 (citations omitted).

The trial court held an evidentiary hearing on May 4, 2023. By order entered June 5, 2023, the PCRA court denied Medina's second amended

---

[3] Our review of the record confirms that Medina filed many motions without regard to being represented at times by counsel. The trial court consistently dismissed them because hybrid representation is not permitted. **See** PCRA Court Opinion, 7/26/23, at 3 n.1.

[4] On December 10, 2021, Medina filed a *pro se* appeal docketed at No. 2508 EDA 2021, and filed a second *pro se* appeal docketed at No. 220 EDA 2022 on January 11, 2022. Thereafter, this Court dismissed the appeal at No. 220 EDA 2022 for failure to file a brief, and we granted appellate counsel's request to discontinue the appeal at No. 2508 EDA 2021.

petition. Medina filed a timely *pro se* appeal on June 20, 2023. That same day, the PCRA court appointed new counsel and directed counsel to file a Pa.R.A.P. 1925(b) statement.[5] Counsel complied and the PCRA court prepared its Rule 1925(a) opinion.

Because PCRA counsel failed to file a brief on Medina's behalf, this Court entered an order on October 23, 2023, which vacated his appointment as counsel and permitted the court below to consider withholding counsel fees. We further directed the court to appoint new counsel within sixty days. The PCRA court timely complied and appointed current counsel. As noted above, current counsel filed a ***Turner/Finley*** no-merit letter. Thereafter, Medina filed a *pro se* response.

Before we address the merits of the issues Medina wishes to raise on appeal, however, we must first determine whether PCRA counsel's filing complies with the procedural requirements of ***Turner*** and ***Finley***. A ***Turner/Finley*** "no merit" letter must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petition wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. ***Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa. Super. 2019) (citation omitted). "Counsel must also send a copy of

---

[5] Consistent with the history of this case, even though represented by court-appointed counsel, Medina filed a *pro se* Rule 1925(b) statement.

the [letter] to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. **Id.** If these requirements are met, "we then conduct an independent review of the petitioner's issues." **Id.**

Here, PCRA counsel has substantially complied with the **Turner**/**Finley** requirements. PCRA counsel included a copy of a letter he addressed to Medina informing him of counsel's motion to withdraw, attaching a copy of his no-merit letter, and explaining to Medina his right to retain private counsel or proceed *pro se*. Given PCRA counsel's compliance, we must now determine if counsel's assessment of Medina's appeal is supported by the record.

According to PCRA counsel, Medina wishes to raise a claim of ineffective assistance of standby counsel and an after-discovered evidence claim based on Detective Stauffer's acknowledgement in the federal litigation that the affidavit of probable cause was inaccurate.[6] **See** No-Merit Letter, 1/23/24 at 3.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and

---

[6] In his multi-paged, handwritten, *pro se* response to PCRA counsel's **Turner**/**Finley** letter, Medina states that PCRA counsel misrepresented certain facts and failed to file an advocate's brief on his behalf. The mistakes in fact had no bearing on Medina's convictions. Moreover, once PCRA counsel determined that the two issues Medina raised in his petition had no merit, counsel filed a **Turner**/**Finley** letter instead of an advocate's brief.

is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

In his first issue, Medina asserts standby counsel's ineffectiveness caused him to enter an unlawful plea. This claim is frivolous. When a criminal defendant acts as his own counsel and the court supplies standby counsel only to assist the defendant, the defendant cannot then claim in PCRA proceedings that standby counsel was ineffective. ***Commonwealth v. Bryant***, 855 A.2d 726, 738 (Pa. 2004). Our review of the record supports the following summary by PCRA counsel:

> In the instant case, [Medina] represented himself during his no-contest [plea]. After completing a written guilty plea colloquy form and proceeding through a thorough verbal colloquy, the trial court determined that [Medina] was entering a knowing, intelligent and voluntary plea. Prior to the entry of this plea, [Medina] filed petitions to remove his court appointed counsel, and then after hiring private counsel, filed to have private counsel's appearance withdrawn and proceed *pro se*. The trial court conducted hearings and only granted [Medina's] motions to have counsel withdrawn [and to] represent himself after determining that [Medina] was doing so knowingly, intelligently, and voluntarily. ***See Commonwealth v. Spotz***, 18 A.3d 244, 270 (Pa. 2011) (holding that when an appellant knowingly, voluntarily, and intelligently has chosen to exercise this right of self-representation, the court will not consider any ineffectiveness claims that arose from the period of self-representation). Absent from [Medina's] PCRA [petition] are any claims that either private or court appointed counsel provided ineffective representation during any pretrial proceedings, including the Omnibus Pretrial Hearing. Therefore, because [Medina] elected to act as his own counsel, his claims of ineffectiveness are without merit.

***Turner***/***Finley*** Letter, 1/23/24, at 5-6.

Our review of the record supports PCRA counsel's conclusion that the trial court took great strides to make sure Medina wished to proceed *pro se*. Indeed, at the plea hearing, when Medina told the trial court that the court was biased against him and that he did not "feel like [he was] going to receive a fair trial," the court responded:

> **THE COURT:** Well, that's your opinion. We have bent over backwards to ensure that your rights are being protected and fully exercised by you. You have chosen to have not one, not two, but three different lawyers, who were either appointed for you or who you attempted to privately retain, removed from representation. The choice for you to proceed without a lawyer was one which I determined you made voluntarily and intelligently after considering what your best interests are.

N.T., 10/19/21, at 6-7.

Additionally, at Medina's request, the trial court had earlier placed limits on standby counsel's involvement in the proceedings. After denying Medina's motion for withdrawal of standby counsel, the PCRA ordered that standby counsel "is strictly appearing to only represent [Medina] by answering questions by [Medina] and is not appearing by Court Appointment to be actively engaged during trial, by request of [Medina], or during Jury Selection." Order, 9/30/21. Thus, we agree with PCRA counsel that any attempt to raise an ineffectiveness claim on appeal would be frivolous.[7]

_____

[7] On December 3, 2024, Medina filed application for appointment of counsel in which he claimed, pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021) that PCRA counsel was ineffective and asks this Court to appoint him new counsel to review all of the claims he previously raised *pro se*. On
*(Footnote Continued Next Page)*

The second issue PCRA counsel identifies in his **Turner**/**Finley** letter is Medina's claim of after-discovered evidence. To review the PCRA counsel's assessment, we first note the test applied to after-discovered evidence under the PCRA. When discussing the test in the context of a PCRA appeal, our Supreme Court summarized:

> [W]e have viewed this analysis in criminal cases as comprising four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, the four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. The test applies with full force to claims arising under Section 9543(a)(2)(vi) of the PCRA. In addition, we have held the proposed new evidence must be producible and admissible.

**Commonwealth v. Small**, 189 A.3d 961, 972 (Pa. 2018) (citations omitted).

Here, PCRA counsel opined that Medina could not meet the first **Small** factor because Medina was made aware of the discrepancy in the affidavit of probable cause prior to trial:

_____

December 20, 2024, Medina filed a "Response to Brief for Appellee from the Commonwealth" in which he claims that PCRA counsel abandoned him and includes his prior *pro se* PCRA petition which raised other claims regarding his plea. For the reasons discussed *infra*, Medina's ineffectiveness claim and after-discovered evidence claim are refuted by the record and our independent review reveals no other issue of merit. We therefore deny his application for the appointment of new counsel and his response in which he seeks a new trial.

[D]uring the Omnibus Pretrial Hearing, [Detective] Stauffer made statements during his cross examination that contradicted portions of the Affidavit of Probable Cause attached to the criminal complaint filed against [Medina]. Specifically, [Detective] Stauffer testified that he did not observe [Medina] entering or exiting a stolen vehicle or fleeing the location of the vehicle. [Medina], who had previously been served the criminal complaint containing [Detective] Stauffer's Affidavit of Probable Cause, and was present and represented by private counsel at the time of the Omnibus Pretrial Hearing, would have been aware of [Detective] Stauffer's inconsistent statements. Furthermore, [Medina] acknowledges within his *pro se* PCRA petition that he was in possession of the Omnibus Pretrial Hearing transcript prior to the tendering [of] his plea of no-contest[.] Therefore, [Medina] cannot satisfy the initial prong of [**Small**] test that the evidence was unavailable.

***Turner*/*Finley*** Letter, 1/23/24, at 6.

The PCRA court reached the same conclusion that the record refutes

Medina's after-discovered evidence claim. The court explained:

[T]he PCRA litigation stemmed from Detective Stauffer's acknowledgement of the error in the Affidavit of Probable Cause wherein he stated that [Medina] fled from a stolen vehicle[.] [Medina] asserted his plea was not knowingly, intentionally, and voluntarily entered, and that the exculpatory evidence was unavailable at the time of the plea.

Detective Stauffer testified during the PCRA hearing in this case and acknowledged that [Medina] did not flee from the vehicle. However, the District Attorney argued that this information was disclosed to the Court and to [Medina] before the entry of his pleas. After reviewing the Notes of Testimony from the Omnibus Pretrial Hearing held on March 12, 2021 it became clear that this inaccuracy was in fact known and a matter of record as of the March 21, 2021 hearing.

[Medina's] counsel cross-examined Detective [Stauffer] about this very issue during the hearing on [Medina's] Omnibus Pretrial Motion. He asked, "You said something about foot pursuit, but you're not suggesting [Medina] was involved in a foot pursuit; correct?" Detective Stauffer responded, "No, he was not, no."

Additionally, defense counsel asked, "And you know [Medina] to have not been in the subject vehicle on that day. Isn't that also correct?" Detective Stauffer acknowledged this, stating, "That is correct."

Based on the foregoing, the record belies any assertion that [Medina] was not apprised of the inaccuracy in the Affidavit of Probable Cause prior to him tendering his *nolo contendere* plea. In fact, the information upon which he premised his PCRA petition was brought out in court during a hearing by his defense counsel and was explored on cross-examination of Detective Stauffer. As a result, [Medina] did not establish [] any basis upon which he is entitled to relief in the instant PCRA and his Second Amended PCRA Petition was properly [denied].

PCRA Court Opinion, 7/26, 23, at 7-8 (citations omitted).[8]

Our review of the omnibus pretrial hearing transcript, at which Medina was present and represented by counsel, confirms Medina's inability to establish the first **Small** factor, *i.e.*, that the information could not have been obtained prior to the entry of his plea. Moreover, as also noted by PCRA counsel, the error in the affidavit of probable cause was not exculpatory evidence.[9] Rather, could only be used to impeach Detective Stauffer's testimony at omnibus pretrial hearing. **Turner**/**Finley** Letter, 1/23/24, at 6-7. This testimony was impeached when defense counsel cross-examined Detective Stauffer at the pre-trial hearing. **See** N.T., 3/12/21, at 27-28.

_____

[8] There is no indication in the certified record that the May 4, 2023 PCRA hearing was transcribed.

[9] It is not exculpatory because the error has nothing to do with the crimes with which Medina was charged; he was only charged with the robberies, not fleeing the scene.

Finally, we note that Detective Stauffer's misstatement does not diminish other statements in the affidavit which established probable cause to arrest Medina for the robberies at issue. *See* Criminal Complaint, 3/14/19 (providing, for example, that police recovered from a subsequent search of Medina's hotel room clothing similar to that worn by the robber in surveillance video and personal items belonging to one of the victims). Thus, because Medina could not establish one of the four requirements to warrant a new trial based on after-discovered evidence, we agree with PCRA counsel's assessment that Medina's claim is without merit.

In sum, our independent review of Medina's issues supports PCRA counsel's opinion that Medina's claims on appeal lack merit. Thus, we grant counsel's motion to withdraw and affirm the PCRA court's order denying Medina post-conviction relief.[10]

Motion for Appointment of Counsel and Request for New Trial denied. Application for Relief denied without prejudice. Motion to Withdraw granted. Order affirmed.

_____

[10] On January 23, 2025, Medina filed an application for relief asking this Court to exercise our "King's Bench Jurisdiction" and, pursuant to 42 Pa.C.S.A § 9777(a), grant him compassionate release based on a number of ailments from which he allegedly suffers. Initially, we note that King Bench powers are solely reserved for the Pennsylvania Supreme Court. Moreover, Section 9777(a) clearly provides that an inmate may petition the sentencing court for such relief if certain requirements are met. Although the court in this case has rejected previous attempts by Medina to gain such relief, we deny his application without prejudice for him to pursue this remedy with the sentencing court.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/3/2025