J-S33002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA BRYANT | : | |
| | : | |
| Appellant | : | No. 1108 EDA 2025 |

Appeal from the PCRA Order Entered April 17, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000005-2020

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 20, 2025**

Joshua Bryant appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). Also before us is the application of Gary S. Server, Esquire, to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). We grant counsel's application and affirm.

Appellant is currently serving an aggregate judgment of sentence of eleven to twenty-two years of incarceration. His convictions stem from the events of the afternoon of July 10, 2019, when he encountered Garvin Rojas, the ex-partner of Appellant's romantic interest, outside a store. Appellant and Rojas first engaged in a scuffle, after which Appellant walked away while Rojas shouted at him and briefly followed him before returning to the storefront.

Appellant, whose prior convictions precluded him from lawfully possessing a firearm, returned to the area less than ten minutes later with a revolver in his waistband. When he saw Rojas on the other side of the street, Appellant drew the revolver and fired four shots, killing Rojas and grazing a bystander.

Appellant was acquitted of homicide charges, but convicted of three separate firearms violations pursuant to 18 Pa.C.S. §§ 6105, 6106, and 6108.[1] The court originally ordered an aggregate sentence of twelve to twenty-four years of confinement, which included a sentence of five to ten years for a third-degree felony, however it corrected the illegality at a resentencing hearing at which it imposed the shorter aggregate term mentioned above. The court subsequently denied Appellant's post-sentence motion contending that the court relied on impermissible factors and imposing too harsh a punishment.

Appellant's direct appeal resulted in no relief, other than ordering the correction of a clerical error in the sentencing order. Of note, Appellant argued that the trial court abused its discretion in imposing consecutive, statutory-maximum sentences. We declined to examine the merits of these specific challenges, concluding that he failed to preserve them for our review because

_____

[1] We are cognizant that, in **Commonwealth v. Sumpter**, 340 A.3d 977 (Pa.Super. 2025), this Court held "that § 6108 is unconstitutional on an equal protection basis as applied to the [a]ppellant" in that case. **Id**. at 988. However, at no point has Appellant contended that § 6108 is unconstitutional as applied to him, and we have no cause to consider that issue in this appeal.

the post-sentence motion mentioned neither the consecutive nature of the sentences nor that they reflected the maximums allowed by statute. *See* ***Commonwealth v. Bryant***, 301 A.3d 877, 2023 WL 3839501 (Pa.Super. 2023) (non-precedential decision), *appeal denied*, 308 A.3d 768 (Pa. 2023).

Appellant instituted the instant proceedings by filing filed a timely *pro se* PCRA petition. The court appointed counsel who filed an amended petition alleging that trial counsel was ineffective in waiving the aforementioned sentencing challenges. The trial court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Therein, it explained that Appellant was unable to establish that he was prejudiced by the omissions because the outcome would not have been different if counsel had preserved the issues. Appellant did not file a response, and the court dismissed his petition.

This timely appeal followed. The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and he promptly complied.[2] Thereafter, the PCRA court authored a Rule 1925(a) opinion. In this Court, counsel filed a motion to withdraw along with a no-merit brief pursuant to ***Turner*** and ***Finley***. Before we consider the merits of the issues Appellant wishes to raise,

---

[2] We remind the PCRA court that its Rule 1925(b) orders must include, *inter alia*, "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii).

we must determine whether counsel has followed the required procedure, which we have summarized as follows:

> When presented with a brief pursuant to **Turner**/**Finley**, we first determine whether the brief meets the procedural requirements of **Turner**/**Finley**. A **Turner**/**Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

**Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa.Super. 2019) (internal citations omitted).

We are satisfied from our review of counsel's petition and no-merit letter that he has substantially complied with the requirements of **Turner** and **Finley**. Counsel has detailed his review of the case and the issues Appellant wishes to raise and has explained why the issues lack merit. Counsel also sent copies of his no-merit letter and motion to withdraw to Appellant and advised him of his immediate right to proceed *pro se* or with privately-retained counsel.[3] Accordingly, we proceed to an independent consideration of Appellant's issues.

We begin with the applicable law. This Court will "review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA

_____

[3] Appellant has not filed a response or a *pro se* brief.

court are supported by the record and are free from legal error." ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). Ultimately, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

The issues Appellant wishes to have reviewed implicate the performance of his trial counsel. In that vein:

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa.Super. 2019) (cleaned up). The petitioner's failure to sustain any prong of the test defeats the claim. ***See***, ***e.g.***, ***Commonwealth v. Rivera***, 199 A.3d 365, 374 (Pa. 2018).

As noted, the PCRA court concluded that Appellant's ineffectiveness issues failed the prejudice prong of the test, opining that the result of Appellant's direct appeal would have been the same if counsel had preserved the challenges to the court's sentencing discretion that this Court deemed to be waived. The following law governs review of a discretionary aspects claim:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Alameda*, 339 A.3d 504, 511–12 (Pa.Super. 2025) (cleaned up).

Although it is broad, "the trial court's discretion is not unfettered." *Commonwealth v. Coulverson*, 34 A.3d 135, 144 (Pa.Super. 2011). In sentencing, "a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa.Super. 2022) (cleaned up). The sentence imposed "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Concerning this Court's review, we observe that, "[w]hen a sentence is within the guidelines, . . . we may only reverse if the sentence is clearly unreasonable." *Commonwealth v. Fenton*, 750 A.2d 863, 867 (Pa.Super. 2000). Overall, our role is to ensure that the trial court applied the above principles, not to "re-weigh the sentencing factors and impose our judgment

in the place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009).

The claim Appellant seeks to pursue is that the trial court's aggregate term of incarceration was disproportionate to his offenses insofar as each sentence was the statutory maximum and the court ran all three consecutively. The PCRA court offered the following explanation for the reasonableness of its sentence:

> At the time of the offense, [Appellant] had a prior record score as a [repeat felon]. With an offense gravity score ("OGS") of ten, the standard range guideline sentence for [§] 6105 is seventy-two to eighty-four +/-12 months of incarceration. This court imposed a mitigated sentence of five to ten years of incarceration. With an OGS of nine, the standard range guideline sentence for [§] 6106 is sixty to seventy-two +/- 12 months of incarceration. This court imposed a downward departure sentence of three and a half to seven years of incarceration. With an OGS of five, the standard range guideline sentence for [§] 6108 is twenty-four to thirty-six +/- 3 months of incarceration. This court imposed a sentence of two and a half to five years of incarceration, for an aggregate term of eleven to twenty-two years of imprisonment.
>
> After considering [Appellant]'s criminal history and the seriousness of the offenses, this court imposed appropriate sentences. [Appellant] deliberately flaunted his contempt for the various attempts to rehabilitate him, as he consistently reoffended every time he was released from custody. Although [Appellant] knew that he was not allowed to carry a firearm because he was previously convicted of [violating §] 6105 in 2016, [Appellant] testified that he "always" carried a firearm. [Appellant] consistently failed to take advantage of any of the numerous opportunities provided by the courts, which left this court no choice but to sentence him to a longer period of incarceration to impress upon him the need to rehabilitate.

PCRA Court Opinion, 5/8/25, at 5-6 (cleaned up).

From this, we readily agree with the PCRA court that Appellant's waived claims would have been unavailing even if properly presented on direct appeal. Appellant's criminal record was so extensive that the court had to deviate downwards from the guidelines to stay within the statutory maximums for his most recent offenses. Further, it was plain that Appellant's prior supervision had not been of sufficient duration to rehabilitate him, as he willfully persisted in arming himself despite the known prohibitions. Accordingly, it was only by running Appellant's sentence consecutively that the court was able to order the length of supervision that it, and the guidelines, deemed appropriate and necessary to protect the public and offer Appellant ample opportunity for rehabilitation. The trial court's sentence was manifestly reasonable, not an abuse of discretion. *See*, *e.g.*, *Commonwealth v. Taylor*, 277 A.3d 577, 595 (Pa.Super. 2022) ("Appellant is not entitled to a 'volume discount' in the form of concurrent sentences."). As such, Appellant was not prejudiced by trial counsel's omissions.

Consequently, we agree with PCRA counsel that Appellant's sentencing issues lack merit. Therefore, we grant counsel's motion to withdraw and affirm the order dismissing Appellant's PCRA petition.

Motion of Gary S. Server, Esquire, to withdraw granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/20/2025