J-S06030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHIDEE DUPREE BEASON | : | |
| | : | |
| Appellant | : | No. 1450 WDA 2024 |

Appeal from the PCRA Order Entered August 23, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002816-2020

BEFORE: KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY SULLIVAN, J.: **FILED: June 3, 2026**

Shidee Dupree Beason ("Beason") appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition.[1] Beason's counsel, Wayne G. Johnson, Jr. ("counsel"), has filed what he labeled an *Anders* brief asserting Beason's proposed issues are meritless, but has not filed a petition to withdraw as counsel.[2] As discussed below, counsel has failed to satisfy

---

* Former Justice specially assigned to the Superior Court.

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] *See Anders v. California*, 386 U.S. 738 (1967). *Anders* applies in direct appeals, not PCRA appeals, which are governed by *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (collectively, "*Turner/Finley*"). However, because an *Anders* brief provides broader protection to a defendant than a *Turner/Finley* brief, counsel's incorrect citation does not hinder our review, and we accept the *Anders* brief in lieu of a *Turner/Finley* brief. *See Commonwealth v. Reed*, 107 A.3d 137, 139 n.5 (Pa. Super. 2014) (some quotation marks, brackets, and citation omitted).

*Turner/Finley*'s notice requirements, and must therefore either file a petition to withdraw that complies with the requirements of *Turner*/*Finley* or file an advocate's brief. We therefore remand.

On September 14, 2020, Beason, who had an acrimonious relationship with his neighbor, A.K., approached her porch with a gun at his side. A.K. called the police; Beason ran to his house and hid his gun. After the police came and left, Beason returned to A.K.'s home and shot at her and her daughter multiple times. *See Commonwealth v. Beason*, 293 A.3d 648 (Pa. Super. 2023) (unpublished memorandum at *1). Police arrested Beason the next day, and a jury convicted him of attempted murder and related offenses. The court sentenced Beason to an aggregate term of 15 to 30 years of incarceration.

Beason filed a post-sentence motion which the court denied. This Court affirmed his conviction. *See id*. Beason filed a timely *pro se* PCRA petition, which the trial court dismissed. Beason filed a notice of appeal raising weight and sufficiency claims and asserting ineffective assistance of counsel.

We analyze counsel's brief under the provision of *Turner/Finley*. To meet the requirements of *Turner/Finley*, a brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the appellant wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the appellant's issues are meritless. *See Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019). When counsel petitions to withdraw as counsel, which counsel has not done here, counsel must send a copy of the

brief to the appellant, along with a copy of the petition to withdraw, and inform the appellant of the right to proceed *pro se* or retain new counsel. ***See id***. Where counsel fails to satisfy the technical requirements of ***Turner/Finley***, the court will not review the merits of the underlying claims. ***See Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

Although counsel's brief details the nature and extent of his review, lists each issue for possible review, and explains counsel's reasoning for concluding the issues are meritless, counsel failed to file a petition to withdraw, despite his filing of a "Statement of Intent to File an ***Anders***/***McClendon*** Brief" on April 21, 2025. Consequently, although counsel served a copy of his ***Finley*** brief on Beason, he failed to inform Beason of his right to proceed *pro se* or retain new counsel. ***See Finley***, 550 A.2d at 215 (Pa. Super. 1988). These defects deprived Beason of knowledge of his right to retain new counsel or proceed *pro se* and thus preclude this Court from reviewing the merits of counsel's conclusion that Beason's issues lack merit. ***See Wrecks***, 931 A.2d at 721.

Accordingly, we order counsel either to file a ***Finley*** brief accompanied by a petition to withdraw that meets the notice requirements of ***Turner/Finley***, or an advocate's brief within thirty days of the date this Order is filed.

Panel jurisdiction retained.