J-S39029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS LEE TUCKER | : | |
| | : | |
| Appellant | : | No. 379 WDA 2024 |

Appeal from the PCRA Order Entered March 6, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000912-2010

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: APRIL 3, 2025**

Thomas Lee Tucker appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. PCRA counsel has filed a no-merit letter/brief and a motion to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We affirm the order denying post-conviction relief and grant counsel's motion to withdraw.

The facts and procedural history may be summarized as follows: On August 18, 2011, Tucker entered a guilty plea to conspiracy to commit burglary, a first-degree felony; burglary, a first-degree felony; and theft by unlawful taking, a second-degree felony. That same day, the trial court sentenced him to an aggregate term of 34 to 68 months of imprisonment for

his burglary and theft convictions, as well as a consecutive 36-month probationary term for his conspiracy to commit burglary conviction. Tucker did not file a direct appeal.

On December 1, 2014, Tucker was released on parole. As of that date, Tucker's maximum term of imprisonment was set to expire on March 25, 2020. Tucker was then to begin serving his consecutive 36-month probationary term.

On August 26, 2021, while Tucker was serving probation, a revocation petition was filed, and a hearing was held the next day in Venango County. The basis for the petition was Tucker's absconding and new charges that were filed against him in Warren County, Pennsylvania. At Tucker's request, further disposition of the revocation was stayed until the disposition of his new Warren County charges.

On June 17, 2022, a jury in Warren County convicted Tucker of fleeing or attempting to elude an officer, a first-degree felony. On September 29, 2022, Tucker stipulated to violating his probation in Venango County. As a result, his probation was revoked, and, on November 21, 2022, the revocation court resentenced Tucker to a term of 30 to 60 months of imprisonment, with 56 days credit for time served in the Venango County Jail. Thereafter, Tucker filed a motion for reconsideration of sentence. A hearing was held, and Tucker was granted another 43 days of time served. A subsequent *pro se* motion for reconsideration of sentence was denied.

On March 17, 2013, Tucker filed several *pro se* motions which the PCRA court treated collectively as a petition for post-conviction relief.[1] The PCRA court appointed counsel, and a PCRA status was held on May 22, 2023. Another PCRA court status was held on November 30, 2023, which set new deadlines for PCRA counsel to file any amendments to Tucker's PCRA petition, a brief clarifying Tucker's claims, and for the Commonwealth to issue its response.

On December 13, 2023, PCRA counsel filed an amended petition, and later filed a supporting brief. In this brief, although Tucker discussed the discretionary aspects of his sentence, he cited Section 9543(a)(vii), imposition of a sentence greater than the lawful maximum, as his basis for post-conviction relief. PCRA Brief, 1/23/24, at 3 (unnumbered). According to Tucker, "he served the maximum of his sentence at the time of the resentence by [the revocation court], thus, said re-sentence must be struck, pursuant to the [PCRA]." ***Id.***

On February 1, 2024, the Commonwealth filed its answer. The PCRA court held an evidentiary hearing the next day. By order entered March 6, 2024, the PCRA court dismissed Tucker's amended petition. Thereafter, the PCRA court received several *pro se* motions from Tucker, including a request to remove PCRA counsel. By Order entered April 2, 2024, the PCRA court

---

[1] These motions, although documented, do not appear in the certified record.

treated these filings as a timely notice of appeal and appointed current counsel.

In a prior memorandum we rejected Tucker's claim that he was serving an illegal sentence but remanded so that PCRA counsel could file a motion to withdraw and comply with **Turner**/**Finley**.[2]  According to PCRA counsel, Tucker's claim that prior counsel was ineffective for not challenging the discretionary aspects of his sentence on appeal was frivolous.

On January 21, 2025, PCRA counsel complied by filing a petition for leave to withdraw as counsel with this Court.  This petition included a copy of a no-merit letter she sent to Tucker.  Tucker filed a *pro se* response.[3]

Before we address the merits of the sentencing issue Tucker wishes to raise on appeal, however, we must first determine whether PCRA counsel's filing complies with the procedural requirements of **Turner** and **Finley**.  A **Turner**/**Finley** "no merit" letter must:  (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petition wishes to have reviewed;  and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless.  **Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019) (citation omitted).  "Counsel must also send a copy of

---

[2] **See Commonwealth v. Tucker**, 2025 WL 99703 (Pa. Super. 2025).

[3] In his response, Tucker does not refer to the discretionary aspects of his sentence, but rather, maintained that he is serving an illegal sentence.  We rejected this claim in our prior memorandum.

- 4 -

the [letter] to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. **Id.** If these requirements are met, "we then conduct an independent review of the petitioner's issues." **Id.**

Here, PCRA counsel has substantially complied with the **Turner**/**Finley** requirements. As noted above, PCRA counsel has included a copy of a letter she addressed to Tucker informing him of counsel's motion to withdraw, attaching a copy of his no-merit letter, and explaining to Tucker his right to retain private counsel or proceed *pro se*. Given PCRA counsel's compliance, we must now determine if counsel's assessment of Tucker's appeal is supported by the record.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

According to PCRA counsel, Tucker wishes to raise a claim that prior counsel was ineffective for failing to challenge the discretionary aspects of his revocation sentence on appeal. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or

innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** In assessing a claim of ineffectiveness, when it is clear that the petitioner has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

To succeed on an ineffectiveness claim for failure to preserve a challenge to the discretionary aspects of sentencing, the PCRA petitioner must demonstrate prejudice, *i.e.*, the underlying sentencing claim merits relief. ***See Commonwealth v. Reaves***, 923 A.2d 1119, 1131-32 (Pa. 2007) (explaining an ineffectiveness claim for failure to preserve a discretionary

sentencing issue requires showing a reasonable probability that the sentencing court would have imposed a lesser sentence).

Here, PCRA counsel opines that:

At the time of sentencing, [Tucker] was able to state anything on his own behalf that would put him in a better light with the court. He stated that he was working on getting his GED. A discussion ensued about his actions amounting to a crime spree and the possibility of treatment programs in the state prison system. A standard range sentence was imposed. There would have been no basis for the appellate court to overturn his sentence, and thus counsel was not ineffective for failing to appeal his sentence.

Tucker's Brief at 8.

Our review of the sentencing transcript supports PCRA counsel's conclusion that Tucker could not establish prejudice, *i.e.*, that the underlying sentencing claim merits relief. **Reaves**, **supra**. At the hearing, the trial court first stated that it listened to the arguments presented by the parties and that it reviewed Tucker's pre-sentence report in its entirety. When the trial court has the benefit of a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **See Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009).

The trial court then thoroughly reviewed Tucker's lengthy prior record and concluded:

[Y]our arrest record is just nonstop. You've been in the County Probation System, you've been in the County Jail, you've been in the State Prison. Nothing has deterred you or prevented you from committing crimes while you've been out on supervision in the community. There's only one conclusion that can be drawn

from that is that you're not amenable to community supervision. You've had opportunities to get drug and alcohol treatment. You've had opportunities to get mental health treatment. And while you have participated to some extent, there's no evidence in this record of a meaningful attempt to recover from substance abuse issues or to sustain any stability as it relates to your mental health. The only conclusion there is unless you're incarcerated, your track record is that you will commit more crimes, and you will put people at risk, and that is a big concern.

N.T., 11/21/22, at 33-34. Given these comments, Tucker cannot establish that, if trial counsel had appealed the denial of his post-sentence motion, Tucker could prove the merit of his claim. **Loner**, **supra**.

In sum, our independent review of Tucker's issue supports PCRA counsel's opinion that Tucker's claim on appeal lacks merit. Thus, we grant counsel's motion to withdraw and affirm the PCRA court's order denying Tucker post-conviction relief.

Motion to Withdraw granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/3/2025