J-S25040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LISA ANN SCHMIDT :
:
Appellant : No. 3259 EDA 2024

Appeal from the PCRA Order Entered September 13, 2024
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000392-2018

BEFORE:  PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 19, 2025**

Appellant, Lisa Ann Schmidt, appeals *pro se* from the post-conviction court's order dismissing her petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate the court's order and remand for further proceedings.

We need not provide a detailed recitation of the facts underlying Appellant's case.  We only briefly note that following a jury trial in November of 2020, Appellant was convicted of drug delivery resulting in death, 18 Pa.C.S. § 2506(a), conspiracy, 18 Pa.C.S. § 903, and related offenses.  On January 8, 2021, the trial court sentenced her to an aggregate term of 13 to 40 years' incarceration.  This Court affirmed Appellant's judgment of sentence on direct appeal, and our Supreme Court denied Appellant's subsequent petition for allowance of appeal on February 8, 2023.  ***Commonwealth v.***

*Schmidt*, 285 A.3d 954 (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 292 A.3d 552 (Pa. 2023).

On September 28, 2023, Appellant filed a timely, *pro se* PCRA petition. For some reason, no action was taken on the petition until June of 2024, when the court appointed Steven Benedict, Esq., to represent Appellant. On August 1, 2024, Attorney Benedict filed a petition to withdraw and 'no-merit' letter pursuant to the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On August 19, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Notably, the court offered no reasons therein for its decision to dismiss the petition. **See** Rule 907 Notice, 8/19/24, at 1 (single page); **see also** Pa.R.Crim.P. 907(a) (stating that "[i]f the judge is satisfied from [their] review [of the petition] that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and **shall state in the notice the reasons for the dismissal**") (emphasis added). The court also stated in the Rule 907 notice that it had received Attorney Benedict's petition to withdraw and no-merit letter, and it intended to grant counsel's request to withdraw, and dismiss Appellant's petition, if she did not respond within 20 days. Rule 907 Notice at 1 (single page).

Appellant filed a *pro se* response on September 3, 2024. Therein, she claimed, *inter alia*, that Attorney Benedict had acted ineffectively by not adequately communicating with her. **See** *Pro Se* Response to Rule 907 Notice, 9/3/24, at 2 (unnumbered). Notably, Appellant also stated that she had "[r]eceived no information" from Attorney Benedict, "***including the letter he submitted to the [c]ourt***[,]" presumably referring to counsel's no-merit letter. **Id.** (emphasis added).

On appeal, Appellant reiterates her claim that she did not receive counsel's no-merit letter. **See** Appellant's Brief at 19, 21. Our review of the record shows that the only certificate of service attached to counsel's withdrawal documents states that **the motion to withdraw** was served on Appellant; the certificate makes no mention of counsel's no-merit letter. **See Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (stating that counsel seeking to withdraw under **Turner/Finley** "must … send to the petitioner … a copy of the 'no merit' letter/brief") (citation omitted). We also notice that Attorney Benedict did not include, with his withdrawal documents, any letter "advising petitioner of the right to proceed *pro se* or by new counsel." **Id.**

Despite these inadequacies, on September 13, 2024, the court issued an order permitting Attorney Benedict to withdraw and dismissing Appellant's petition. Appellant filed a timely, *pro se* notice of appeal on October 7, 2024. On October 8, 2024, the court issued an order directing Appellant to file, within 21 days, a Pa.R.A.P. 1925(b) concise statement of errors complained of on

appeal. Although the record does not indicate that Appellant filed a concise statement, in the court's Rule 1925(a) opinion, it stated that "[o]n or about October 15, 2024, … Appellant mailed a 'Response to PCRA Court Order dated October 8, 2024' directly to the PCRA [c]ourt," which the court "considered a [c]oncise [s]tatement." PCRA Court Opinion (PCO), 1/21/25, at 3.[1]

The court then went on in its opinion to explain why its dismissal of Appellant's petition "was both supported by evidence and free of legal error." *Id.* Interestingly, the court for the first time stated that Appellant's "PCRA [p]etition was not timely filed…." *Id.* The court reasoned that,

> Appellant was sentenced on January 8, 2021, which sentence became a final order following completion of her direct appeal on or about November 14, 2021. Since … Appellant waited until September 28, 2023, to file the PCRA [p]etition, the [p]etition is untimely on its face.

*Id.* at 4. The court further concluded that Appellant "was unable to prove an exception" to the PCRA's one-year timeliness requirement. *Id.*; *see also* 42 Pa.C.S. § 9545(b)(1)(i)-(iii) (stating that a PCRA petition must be filed within

_____

[1] We recognize that Rule 1925(b) requires an appellant to *file* his/her concise statement, and this Court has held that "Rule 1925 is not satisfied when an appellant merely mails his Rule 1925(b) statement to the presiding judge." *Commonwealth v. Butler*, 812 A.2d 631, 634 (Pa. 2002); *see also* Pa.R.A.P. 1925(b)(1) (requiring an appellant to "file of record" the concise statement, and "concurrently … serve the judge"). While we normally would find waiver in these circumstances, *see Butler*, *supra*, we decline to do so herein. Appellant argues on appeal that Attorney Benedict should not have been permitted to withdraw. For the reasons stated *infra*, we conclude that the record supports her claim. Thus, we decline to find that Appellant has waived her challenge to counsel's withdrawal based on a procedural misstep she made while proceeding *pro se* after counsel was improperly allowed to withdraw.

one year of the judgment of sentence becoming final, unless the petitioner pleads and proves the applicability of one of the enumerated exceptions). Thus, the court held "that the PCRA [p]etition was not timely filed." PCO at 4. Alternatively, the PCRA court found that, even if this Court deemed Appellant's petition timely, no relief was due for the reasons set forth by Attorney Benedict in his no-merit letter. *Id.* at 5.

Given this record, we are compelled to vacate the PCRA court's order and remand for further proceedings. First, Appellant's claim that she did not receive Attorney Benedict's no-merit letter is supported by the record, where counsel's certificate of service refers only to service of counsel's motion to withdraw. Moreover, there is no indication in the record that Attorney Benedict notified Appellant of her right to proceed *pro se* or retain new counsel to assist her in this appeal. *See Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019) (stating that counsel seeking to withdraw under *Turner/Finley* "*must* … send a copy of the [no-merit letter] to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or retain new counsel") (emphasis added).

Second, we are also troubled by the fact that the PCRA court offered no reasons in its Rule 907 notice for its decision to dismiss Appellant's petition without a hearing, in clear contravention of the requirements of Rule 907. If Appellant did not receive Attorney Benedict's no-merit letter explaining his rationale for deeming her issues meritless, and she then had no explanation

from the court for its same conclusion, she could not possibly draft any meaningful response to the court's Rule 907 notice.

Third, and most importantly, the court incorrectly concluded, for the first time in its Rule 1925(a) opinion, that Appellant's petition was untimely filed. The record belies the court's determination that Appellant's judgment of sentence became final in November of 2021. As detailed above, this Court did not affirm Appellant's judgment of sentence until September 27, 2022, and our Supreme Court did not deny her petition for allowance of appeal until February 8, 2023. Thus, Appellant's judgment of sentence did not become final until **ninety days after** February 8, 2023 — or on May 9, 2023 — when the time expired for her to file a writ of *certiorari* with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Accordingly, Appellant's instant petition, filed just over three months later, is clearly timely.

Lastly, we observe that in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our Supreme Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even

if on appeal." ***Id.*** at 401. Here, Appellant argues that Attorney Benedict acted ineffectively in various regards, primarily by not providing her with a copy of his no-merit letter when he sought to withdraw. ***See*** Appellant's Brief at 19, 21; ***see also id.*** at 25 (stating other ways in which Attorney Benedict was ineffective). For the reasons set forth *supra*, there is arguable merit to Appellant's claim, and also to the claim that counsel acted ineffectively by failing to provide Appellant with notice of her right to proceed *pro se* or retain other counsel on appeal. ***See Knecht***, ***supra***. Counsel's errors, combined with the PCRA court's failure to set forth reasons in its Rule 907 notice and its erroneous conclusion that Appellant's petition is untimely, convince us that remand is appropriate.

Thus, we vacate the court's order dismissing Appellant's petition and granting Attorney Benedict's petition to withdraw. We remand for the court to direct Attorney Benedict to fulfill the requirements of ***Turner/Finley***, including sending Appellant copies of his petition to withdraw and no-merit letter, and notifying her of her right to proceed *pro se* or retain private counsel. After permitting Appellant time to respond to counsel's petition to withdraw, the court shall then consider the merits of her timely-filed petition.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>9/19/2025</u>